UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DONALD C. HUTCHINS,

    Plaintiff,

        v.                                          CASE NO. 04-30121-MAP

ZOLL MEDICAL CORPORATION,

    Defendant.

### ANSWER OF DEFENDANT ZOLL MEDICAL CORPORATION TO PLAINTIFF'S COMPLAINT

Defendant Zoll Medical Corporation ("Zoll"), by and through its counsel, hereby answers Plaintiffs' Complaint as follows:

### ANSWER

Answers to each paragraph of the Complaint are made without waiving, but expressly reserving, all rights that Zoll may have to seek relief by appropriate motions directed to the allegations of the Complaint.

### Parties

1.    Zoll is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies them.

2.    Zoll admits the allegations of Paragraph 2 of the Complaint.

### Jurisdiction

3.    Paragraph 3 of the Complaint states legal conclusions to which no response is required.

4. Zoll is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore denies them.

5. Zoll admits only that the ZMD Corporation is a corporation with its headquarters in Chelmsford, Massachusetts. Zoll denies the remaining allegations of Paragraph 5.

**Background**

6. Zoll admits that Exhibit A to the Complaint contains, in part, a copy of U.S. Patent No. Re. 34,800, issued to Donald C. Hutchins on November 29, 1994. Zoll further admits that Exhibit A contains, in part, a copy of U.S. Patent No. 5,913,685, issued to Donald C. Hutchins on June 22, 1999. These patents speak for themselves and are the best evidence of their contents. Zoll denies the remaining allegations of Paragraph 6.

7. Zoll is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies them.

8. Zoll admits that Exhibit B to the Complaint appears to contain a copy of an article from the May 2003 issue of *Product Design and Development*. The article speaks for itself and is the best evidence of its contents. Zoll denies the remaining allegations of Paragraph 8.

9. Zoll admits that it has manufactured and marketed automatic defibrillators ("AEDs") for many years. Zoll denies the remaining allegations of Paragraph 9.

10. Zoll admits that its corporate website offers access to, among other things, Annual Reports, Quarterly Reports, and Form 10-Ks. Zoll further admits that an AED Plus brochure is available on its corporate website, and that Exhibit C to the Complaint appears to contain a copy of that brochure. The brochure speaks for itself and is the best evidence of its contents. Zoll denies the remaining allegations of Paragraph 10.

11. Zoll admits the allegations of the first sentence of Paragraph 11 of the Complaint. Zoll denies the remaining allegations of Paragraph 11.

12. Zoll denies the allegations of Paragraph 12.

13. Zoll admits that it received a letter dated April 16, 2003, addressed to "Mr. Richard A. Parker" and signed by Donald C. Hutchins. Zoll further admits that a copy of that letter appears to be attached as Exhibit F to the Complaint. The letter speaks for itself and is the best evidence of its contents. Zoll denies the remaining allegations of Paragraph 13.

14. Zoll admits that Richard Packer had a congenial telephone conversation with Plaintiff on May 5, 2003. Zoll further admits that during that conversation, Packer indicated: (a) that he would be willing to talk further about potential licensing of Plaintiff's '685 patent, and (b) that it was the opinion at Zoll that the AED Plus did not infringe the '685 patent because, *inter alia*, the AED Plus used a microprocessor rather than a computer to generate voice and graphic prompting. Zoll denies the remaining allegations of Paragraph 14.

15. Zoll denies the allegations of Paragraph 15.

16. Zoll admits that Gary Freeman contacted Plaintiff by telephone sometime prior to August 11, 2003. Zoll further admits that Exhibit H to the Complaint appears to contain an e-mail from Gary Freeman to Donald Hutchins. That e-mail speaks for itself and is the best evidence of its contents. Zoll denies the remaining allegations of Paragraph 16. Further answering, Zoll states that the allegations of Paragraph 16 are misleading to the extent that they quote one portion of an e-mail out of context to give the impression that Zoll had decided to license certain of Plaintiff's patents.

17. Zoll admits that Exhibit I to the Complaint contains a copy of a letter from Donald C. Hutchins to Gary Freeman dated August 11, 2003. The letter speaks for itself and is the best evidence of its contents. Zoll denies the remaining allegations of Paragraph 17.

18. Zoll admits that Plaintiff attended a meeting at Zoll headquarters on August 20, 2003. The meeting lasted approximately one hour and covered a range of topics. Zoll further admits that during that meeting, Gary Freeman agreed that the AED Plus utilized a computer chip. Zoll denies the remaining allegations of Paragraph 18.

19. Zoll admits the allegations contained in the first, second, and fourth sentences of Paragraph 19. Zoll denies the remaining allegations of Paragraph 19.

20. Zoll is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore denies them.

21. Zoll denies the allegations of Paragraph 21. Further answering, Zoll states that the parties did not sign an agreement in the form quoted in Paragraph 21 or attached as part of Exhibit K to the Complaint.

22. Zoll admits that Gary Freeman sent an e-mail to Donald Hutchins on September 24, 2003, and that a copy of that e-mail appears to be attached to the Complaint as Exhibit L. The e-mail speaks for itself and is the best evidence of its contents.

23. Zoll admits the allegations of Paragraph 23.

24. Zoll admits that more than a year has passed since Plaintiff's April 16, 2003 letter to Zoll. Zoll denies the remaining allegations of Paragraph 24.

25. Zoll admits that what appears to be a portion of its 2003 Annual Report is attached as Exhibit M to the Complaint. Zoll denies that the entire 2003 Annual Report is

attached as Exhibit M.  The report speaks for itself and is the best evidence of its contents.  Zoll denies the remaining allegations of Paragraph 25.

26. Zoll denies the allegations of Paragraph 26 as stated.  Zoll's 2003 Annual Report speaks for itself and is the best evidence of its contents.

27. Zoll denies the allegations of Paragraph 27.  Zoll's 2003 Annual Report speaks for itself and is the best evidence of its contents.

28. Zoll admits that Exhibit N to the Complaint contains an affidavit signed by Donald C. Hutchins.  Zoll generally denies the allegations contained in the affidavit.

## Count I
### (Copyright Infringement)

29. Zoll restates and incorporates by reference each of its previous responses to Paragraphs 1 through 28.

30. Zoll denies the allegations of Paragraph 30.

31. Zoll denies the allegations of Paragraph 31.

32. Zoll denies the allegations of Paragraph 32.

## Count II
### (Breach of Contract)

33. Zoll restates and incorporates by reference each of its previous responses to Paragraphs 1 through 32.

34. Zoll denies the allegations of Paragraph 34.

35. Zoll denies the allegations of Paragraph 35.

36. Zoll denies the allegations of Paragraph 36.

37. Zoll denies the allegations of Paragraph 37.

38. Zoll denies the allegations of Paragraph 38.

## Count III
### (Patent Infringement by Means of Sales)

39. Zoll restates and incorporates by reference each of its previous responses to Paragraphs 1 through 38.

40. Zoll denies the allegations of Paragraph 40.

41. Zoll denies the allegations of Paragraph 41 as stated. Zoll's 2003 Annual Report speaks for itself and is the best evidence of its contents.

## Count IV
### (Patent Infringement by Means of Manufacture)

42. Zoll restates and incorporates by reference each of its previous responses to Paragraphs 1 through 41.

43. Zoll denies the allegations of Paragraph 43.

44. Zoll admits that it manufactures the AED Plus to be used in direct sales to, among others, the United States military through Zoll's distribution network.

## Count V
### (Patent Infringement by Means of Computer Program)

45. Zoll restates and incorporates by reference each of its previous responses to Paragraphs 1 through 44.

46. Zoll denies the allegations of Paragraph 46.

## Count VI
### (Patent Infringement by Means of a Computer Network, Output, Transmission, Record Keeping and Storage)

47. Zoll restates and incorporates by reference each of its previous responses to Paragraphs 1 through 46.

48. Zoll denies the allegations of Paragraph 48.

## AFFIRMATIVE DEFENSES

Further answering, Zoll alleges as follows:

### First Affirmative Defense

49.     Plaintiff's claims fail, in whole or part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

50.     Zoll has not infringed any claim of U.S. Patent No. Re. 34,800 or U.S. Patent No. 5,913,685 directly, by inducement of infringement, or otherwise.

### Third Affirmative Defense

51.     Zoll has not infringed any copyrightable aspect of Plaintiff's CPR Prompting software.

### Fourth Affirmative Defense

52.     Plaintiff's claims are barred by the applicable statute of limitations.

### Fifth Affirmative Defense

53.     Plaintiff's claims are barred by the doctrine of estoppel.

### Sixth Affirmative Defense

54.     Plaintiff's claims are barred by the doctrine of laches.

### Seventh Affirmative Defense

55.     Plaintiff's copyright claim is barred by the doctrine of merger.

WHEREFORE, Zoll respectfully requests that (a) Plaintiff be denied all relief requested in the Complaint; (b) all of Plaintiff's claims be dismissed with prejudice; and (c) this Court grant relief to Zoll in such form, including, without limitation, attorneys' fees and costs pursuant to at least 35 U.S.C. § 285.

                        Respectfully submitted,

                        /s/ Jordan M. Singer
                        John C. Englander (BBO # 542532)
                        Jordan M. Singer (BBO #651068)
                        GOODWIN PROCTER LLP
                        Exchange Place
                        Boston, MA 02109
                        (617) 570-1000
                        Fax: (617) 523-1231

                        Attorneys for Defendant
                        Zoll Medical Corporation

Dated: July 12, 2004