UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DONALD C. HUTCHINS,

    Plaintiff,

        v.

ZOLL MEDICAL CORPORATION,

    Defendant.

CASE NO. 04-30121-MAP

### DEFENDANT ZOLL MEDICAL CORPORATION'S
### OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Zoll Medical Corporation ("Zoll") submits this Memorandum in opposition to plaintiff Donald Hutchins's Motion for Summary Judgment. Plaintiff has not come forward with any admissible, material evidence or relevant legal analysis in support of his claims. To the contrary, the undisputed evidence confirms that plaintiff's claims are meritless. Because there is no basis for granting summary judgment to plaintiff under Federal Rule of Civil Procedure 56, plaintiff's motion should be denied.

### INTRODUCTION

Plaintiff's motion should be denied for the simple reason that he has failed to meet his burden of proof on any count of the Complaint. His motion cites to virtually no evidence in support of his claims, and his naked allegations cannot stand for themselves. This reason alone is sufficient to deny summary judgment to plaintiff. But there is more. As discussed in detail in Zoll's own Motion for Summary Judgment, filed simultaneously with this Opposition, the undisputed evidence affirmatively demonstrates that Zoll has not infringed plaintiff's patents or copyrights or breached any contract. This is because (1) Zoll's accused device, the AED Plus,

does not contain several of the limitations of each asserted patent: for example, it does not include a "general purpose computer" or "interactive display input," as required by U.S. Patent No. 5,913,685 (the " '685 patent"), or a "keying means for entering information signals," as required by U.S. Patent No. Re. 34,800 (the " '800 patent"); (2) there is no evidence that Zoll copied any portion of the works covered by plaintiff's asserted copyrights, and in fact, the accused works are entirely different; and (3) Zoll could not have breached a contract with plaintiff to license his patents, because the parties never entered into such a contract. These reasons, which compel the granting of summary judgment to Zoll, also operate to deny summary judgment for plaintiff here.

## RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

Many of the so-called "facts" in Plaintiff's Statement of Material Facts are not facts at all, but mere conjecture, mischaracterization, and (incorrect) legal conclusion. Furthermore, nearly all of the "facts" set forth by plaintiff are immaterial to the issues before this Court. Two alleged "facts," however, could possibly be construed as material, and Zoll addresses them here.

Alleged Fact: "This AED Plus Administrator's Guide also lists voice prompting words and phrases on page 15 and 16 (Zoll's 0234-0235) that uses 27 phrases that Hutchins has copyrighted in his Copyright Registration Number TXu-210-208…."

Response: This is disputed. Plaintiff does not identify any of the "27 phrases" that are allegedly used by the AED Plus. In fact, the documents plainly demonstrate that at most, only four words and phrases are even somewhat similar: "Call for help," "Check breathing," "Stay calm" and "If no pulse, start CPR." *Compare* AED Plus Administrator's Guide at 15 *with* U.S. Copyright No. TXu-210-208 (copies attached as Exhibits C & D, respectively, to the Declaration of Gary A. Freeman, submitted with Zoll's Motion for Summary Judgment ("Freeman Decl.")).

2

Alleged Fact: "Zoll 233 describes the AED Plus Pictograms that are graphic prompts identical to those contained in drawings of Hutchins Patent No. 5,913,685."

Response: As explained in Zoll's Memorandum in Support of its Motion for Summary Judgment, the "fact" that the AED Plus makes use of certain images is immaterial to any issue here because Hutchins holds no copyright in any images or graphics, whether or not used in U.S. Patent No. 5,913,685.  Notwithstanding this immateriality, the evidence clearly shows that the images used by the AED Plus are not at all identical to the figures in the '685 patent. *Compare* AED Plus Administrator's Guide at 14 with '685 patent, Figs. 4A-4P (copy attached as Exhibit A to Freeman Decl.).

## **ARGUMENT**

Plaintiff's motion should be denied.  First, plaintiff has failed to present any evidence showing that he is entitled to judgment as a matter of law of any of his asserted claims.  Second, the undisputed evidence in fact affirmatively shows that plaintiff's claims against Zoll are meritless.

**I.      Plaintiff Has Provided No Evidence That Zoll Has Infringed His Patents.**

Plaintiff's motion is utterly devoid of evidence or relevant legal argument to support his claim of patent infringement.  It is well-established that a patent is not infringed unless each and every limitation of a properly interpreted claim is present in the accused product.  *See Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1579 (Fed. Cir. 1993).  Each claim limitation must be exactly met by the accused device.  If there is any deviation or if any claim limitation is missing, there can be no literal infringement as a matter of law.  *Lantech, Inc. v. Keip Mach. Co.*, 32 F.3d 542, 547 (Fed. Cir. 1994).

Here, plaintiff has not shown that any claim limitation, much less *every* limitation of a properly interpreted claim, is present in the accused device. Nor has he set forth an element-by-element comparison of any claim of the asserted patents with the characteristics of the AED Plus. In fact, the only arguable comparison plaintiff makes is between the AED Plus's microprocessor and a "computer." *See* Plaintiff's Memorandum at 2. But a mere "computer" it not itself a claim limitation of either patent. Plaintiff's inability to establish that the AED Plus has every limitation of even one properly interpreted claim means that his patent infringement claims must fail. *See Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1323 (Fed. Cir. 2001) (summary judgment of non-infringement appropriate "where the patent owner's proof is deficient in meeting an essential part of the legal standard for infringement, since such failure will render all other facts immaterial.").

In fact, the undisputed evidence not only fails to establish infringement by the AED Plus, it affirmatively demonstrates non-infringement. For example, each and every claim of the '685 patent requires the use of a "general purpose computer." *See, e.g.*, '685 patent, col. 9, ln. 45; col. 10, ln. 40; col. 11, ll. 29-30; col. 12, ln. 42; col. 13, ln. 23. Zoll's claim construction of the '685 patent, *with which plaintiff agrees*, defines "general purpose computer" as:

> A computer capable of running multiple unrelated programs, which are selected by the user and loaded into the device. It must feature at least: (1) a central processing unit, (2) one or more input devices that are not specific to any one program, (3) memory, (4) mass storage devices (such as a disk drive) for storing large amounts of data, and (5) one or more output devices.

*See* Zoll's Claim Construction at 1 (citations omitted); Affidavit of Donald C. Hutchins, dated March 25, 2005, ¶ 6 ("March 25 Hutchins Aff.") (copy attached as Exhibit D to the Declaration of Jordan M. Singer, submitted with Zoll's Motion for Summary Judgment ("Singer Decl.")). As set forth more fully in Zoll's Motion for Summary Judgment and the Freeman Declaration, the

4

AED Plus lacks nearly all the elements of a "general purpose computer," including: (1) the ability to run multiple unrelated programs, (2) the ability of the user to select programs and load them into the device, (3) input devices that are not specific to any one program, and (4) mass storage devices such as a disk drive or hard drive.  Freeman Decl., ¶¶ 7-11; *see also* Memorandum in Support of Zoll's Motion for Summary Judgment at 8-9.

Plaintiff's motion completely ignores the agreed-upon construction of "general purpose computer."  Instead, plaintiff argues that the AED Plus infringes the '685 patent because it "uses a Reduced Instruction Set Computer to provide the voice and graphic prompting programming for rescuers."  Plaintiff's Memorandum at 5.  But plaintiff offers no evidence that a "Reduced Instruction Set Computer" – a kind of microprocessor – is a "general purpose computer" within the meaning of that term agreed to by the parties.  In fact, it is not.  *See* Freeman Decl., ¶ 8.  Indeed, plaintiff argued *precisely the opposite* to the Patent and Trademark Office during prosecution of the '685 patent.  After the PTO rejected plaintiff's original application for the '685 patent because it claimed the use of a "computer" without qualification, plaintiff amended his claims to cover only a "general purpose computer," and specifically argued that a dedicated device running on a microprocessor – that is, a device with the same processor structure as the AED Plus – was not being claimed.  *See* Response to Office Action, dated May 28, 1998 (copy attached as Exhibit F to Singer Decl.); *see also* Memorandum in Support of Zoll's Motion for Summary Judgment at 10-12.  It is well-established that a patentee cannot claim infringement of subject matter that he relinquished during prosecution of the patent application.  *Loral Fairchild Corp. v. Sony Corp.*, 181 F.3d 1313, 1322 (Fed. Cir. 1999).  Plaintiff relinquished a dedicated device running on a microprocessor; he cannot now claim infringement of that same type of device.

The AED Plus also plainly lacks an "interactive display input," which is similarly a limitation of every claim of the '685 patent. *See* '685 patent, col. 9, ll. 52-57; col. 10, ll. 49-52; col. 11, ln. 31; col. 12, ll. 48-52; col. 13, ll. 30-35. Plaintiff agrees that an "interactive display input" should be construed as "a device for communicating with a computer which allows a user to respond to options presented by the computer by selecting from a menu displayed on a display screen." Zoll's Claim Construction at 5; March 25 Hutchins Aff., ¶ 6. But the AED Plus does not display a menu of options on a display screen (or anywhere else, for that matter), and does not let the user select from any options. Rather, the AED Plus employs a predetermined, fixed sequence of commands. Freeman Decl., ¶ 5; *see also* Memorandum in Support of Zoll's Motion for Summary Judgment at 9-10.

Curiously, plaintiff raised the specter of infringement of the '800 patent in the Complaint, but does not address that patent anywhere in his motion. In any event, his claims related to the '800 patent must fail under the same legal principles noted above. As with the '685 patent, plaintiff has failed to establish that each and every limitation of a properly construed claim in the '800 patent is present in the AED Plus. Moreover, as explained more fully in Zoll's Motion for Summary Judgment, the undisputed evidence plainly shows that the AED Plus is lacking, among other things, a "keying means for entering information signals," which is a limitation present in each and every claim of the '800 patent. *See* Freeman Decl., ¶ 12; Memorandum in Support of Zoll's Motion for Summary Judgment at 12-14.

In short, plaintiff has provided no evidence whatsoever that Zoll is infringing his patents, and in fact the undisputed evidence conclusively shows that so such infringement exists. Plaintiff's request for summary judgment with respect to his patent claims should be denied.

**II.    Plaintiff Has Provided No Evidence that Zoll Infringed His Copyrights.**

Plaintiff's argument concerning infringement of his copyrights is similarly bereft of any material evidence to support his blanket allegations.  It is well-established that in order to prove copyright infringement, a plaintiff must show: (1) ownership of a valid copyright and (2) illicit copying of the protected work by the alleged infringer.  *Yankee Candle Co., Inc. v. Bridgewater Candle Co., LLC*, 259 F.3d 25, 33 (1st Cir. 2001).  Plaintiff has made no effort to show either of these elements.  He has not even stated what portions of the copyrighted works were allegedly copied.  He has merely asserted, without any evidentiary support, that an unidentified "27 phrases" from Copyright No. TXu-210-208 are used by the AED Plus.  This stark assertion falls far short of meeting plaintiff's burden of proof, and accordingly, plaintiff's copyright claim must fail.

Once again, the undisputed evidence instead confirms that Zoll *does not* infringe plaintiff's asserted copyrights.  As part of his burden to prove illicit copying, plaintiff must first show that Zoll in fact copied his works, either through evidence of actual copying, or because there is a "probative similarity" between the works.  *Lotus Dev. Corp. v. Borden Int'l, Inc*., 49 F.3d 807, 813 (1st Cir. 1998).  The evidence shows that no copying occurred here.  A side-by-side comparison of plaintiff's 30-page "Script and Word List" with the list of commands used by the AED Plus demonstrates that at most, only four short phrases – "Call for help," "Check breathing," "Stay calm"/"Remain calm" and "If no pulse, start CPR"/"If no pulse, continue" – are similar in any form.  *Compare* U.S. Copyright No. TXu-210-208 *with* AED Plus Administrator's Guide at 15; *see also* Freeman Decl., ¶ 14.  As a matter of law, this tiny handful of phrases does not render the two works sufficiently similar to find that Zoll copied plaintiff's

work.  *See, e.g.*, *Rokeach v. Avco Embassy Pictures Corp.*, 197 U.S.P.Q. 155, 161 (S.D.N.Y. 1978) (100 similar words in 70,000-word original work was *de minimis*).

Furthermore, even if these four isolated phrases were somehow enough to infer copying – they are not – Zoll's AED Plus command list still does not infringe Copyright No. TXu-210-208 because none of these phrases themselves constitute protectable expression, and therefore cannot be considered to infringe a copyrighted work.  *Yankee Candle*, 259 F.3d at 33-34; *Matthews v. Freedman*, 157 F.3d 25, 27 (1st Cir. 1998).  Under the merger doctrine of copyright, when phrases merely express their underlying ideas, the ideas merge with their expression, making copyright no bar to copying that expression.  *Concrete Mach. Co., Inc. v. Classic Lawn Ornaments, Inc.*, 843 F.2d 600, 606 (1st Cir. 1988).  Here, plaintiff's phrases "Call for help," "Check breathing," "Remain calm" and "If no pulse, continue" simply express their underlying ideas in the plainest terms possible.  They are therefore properly deemed non-protectable under the merger doctrine.  Once these non-protectable elements are cut out of the "Script and Word List," no reasonable ordinary observer could conclude that the remaining portions of the compared works have any substantial similarity.  Therefore, the copyrighted works are not infringed as a matter of law.  *Matthews*, 157 F.3d at 28.

Finally, plaintiff cannot base his copyright claims on the assertion that the AED Plus follows the "same CPR sequence" as that found in Copyright No. TXu-213-859, *see* Plaintiff's Memorandum at 3, since the approved and accepted sequence for cardiopulmonary resuscitation has been in existence for over forty years – decades before plaintiff began developing anything related to CPR prompting.  *See, e.g.*, American Heart Association, "History of CPR," http://www.americanheart.org/presenter.jhtml?identifier=3012990 (last visited July 15, 2005) (copy attached as Exhibit J to Singer Decl.); *see also* "Adult Basic Life Support," 102

*Circulation* (Supp. I) I-22, I-44 to I-45 (2000) (hereinafter "Adult Basic Life Support") (copy attached as Exhibit I to Singer Decl.). Plaintiff's own pleadings state that he developed his alleged copyrights and patents only after taking a course on CPR training. *See* Plaintiff's '685 Claim Construction at 2 ("Over 20 years ago after completing a CPR course Hutchins realized the need for a simple device that would use voice prompts to guide rescuers through CPR procedures."). Plaintiff therefore cannot plausibly argue that he has intellectual property rights merely in the decades-old sequence of CPR. For all these reasons, plaintiff's request for summary judgment on his copyright claim should be denied.

### III.    Plaintiff Has Presented No Evidence to Support His Claim of Breach of Contract.

Plaintiff's argument concerning his breach of contract claim is positively baffling, and, like his other claims, is not supported by any evidence. Hutchins appears to argue that Zoll breached a contract with him by "investigating Hutchins' inventions to gain information for a competitive patent that Zoll was pursuing." Plaintiff's Memorandum at 5. What contract was allegedly breached, what inventions were allegedly investigated, and how any such alleged investigation could constitute a breach of contract are all left unanswered. In any event, the undisputed evidence plainly contradicts each of plaintiff's assertions.

As explained more fully in Zoll's Motion for Summary Judgment, there was no contract between plaintiff and Zoll except for a specialized consent agreement whose express purpose was to allow Zoll's counsel to investigate plaintiff's patents. Freeman Decl., ¶ 22. That consent agreement, which Hutchins signed in September 2003, was necessary because both parties used the Boston law firm of Fish & Richardson as patent counsel, and Zoll wished to have its counsel at Fish & Richardson, G. Roger Lee, review Hutchins's patents and advise Zoll as to their scope. *See* Consent Agreement (copy attached as Exhibit F to Freeman Decl.). Nothing in the consent

9

agreement called for Zoll to enter into a license agreement for any of Hutchins's patents. Nor did the consent agreement call for Zoll to "use the services of Attorney Lee for the purposes of licensing Hutchins's intellectual properties." Plaintiff's Memorandum at 5. Indeed, even the idea of a future agreement was set out in the most tentative terms possible: the preamble to the consent agreement merely stated that Zoll and Hutchins were "interested in *exploring the possibility* of an agreement." Consent Agreement at 1 (emphasis added). Plaintiff has never alleged that Zoll breached any duties set out in the consent agreement, and the parties had no other contract.

Furthermore, the sole piece of evidence to which Hutchins cites as the basis for his breach of contract claim – U.S. Patent App. No. US2004/0176807 A1 (the " '807 application") – in fact offers no support whatsoever for that claim. The '807 application is a continuation of Application No. 09/794,320, which was filed on February 27, 2001, more than two years *before* Hutchins ever made contact with Zoll. *See* '807 application (Exhibit G to Plaintiff's Motion). Furthermore, the only purported evidence Hutchins offers in support of his claim is a phrase in Figure 6A of the '807 application stating "Shake victim gently and yell, 'Are you alright?'" This phrase, however, is a basic part of well-accepted CPR protocol that was known in the industry many years before Hutchins ever made contact with Zoll. *See, e.g.*, "Adult Basic Life Support" at I-39.

Finally, even though there is no evidence that Zoll did so, there would be nothing improper about Zoll investigating Hutchins's patents and copyrights as part of its own patent application process. Plaintiff's patents and copyrights are public domain. Plaintiff has no claim for breach of contract.

10

**CONCLUSION**

Plaintiff has not provided even a scintilla of evidence that Zoll infringed his alleged patents or copyrights, or breached any contract with him.  Moreover, the evidence confirms that in fact Zoll has not infringed plaintiff's patents and copyrights, or breached any contract with plaintiff.  Summary judgment for plaintiff should be denied.

Respectfully submitted,

/s/ Jordan M. Singer
John C. Englander (BBO # 542532)
Jordan M. Singer (BBO #651068)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000
Fax: (617) 523-1231

Attorneys for Defendant
Zoll Medical Corporation

Dated: July 18, 2005

LIBA/1561932.1