# EXHIBIT C

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

---

DONALD C. HUTCHINS

              Plaintiff,                          Civil Action No. 04-30121-MAP

v.

ZOLL MEDICAL CORPORATION

              Defendant

---

## PLAINTIFF DONALD C. HUTCHINS' ANSWERS TO ZOLL MEDICAL CORPORATION'S FIRST SET OF INTERROGATORIES

## INTERROGATORIES

1.      Identify claim of each of the patents-in-suit that you contend has been infringed by Zoll, and for each claim:

      a.      identify each of Zoll's products that you contend infringes each such claim; and

      b.      provide an element-by-element comparison of each such claim with each of Zoll's products alleged to infringe each such claim.

**Answer:**      **Hutchins has filed with the Court and copied Zoll complete and in depth patent construction documents including patent file histories on U.S. Patent No. 5,913,685 and U.S. Patent No. Re. 34,800 that (a) identify a number of Zoll's products that infringe claims and (b) provide an element-by-element comparison to a number of Zoll's products that infringe such claims. This evidence is more than sufficient to prove Hutchins' allegations of infringement found in the Complaint.**

2.      Identify each oral or written legal opinion you received concerning the patentability, scope, infringement, noninfringement, validity, invalidity, enforceability or unenforceability of any of the claims of any of the patents-in-suit, and identify all documents and things concerning each such opinion.

**Answer:**  **The validity of the Claims contained in U.S. Patent No. 5,913,685 speak for themselves in that they have never been challenged in court.  Prior to the Zoll infringement Hutchins has not needed to take legal action to enforce his rights.  As a reissue patent, Patent No. Re. 34,800 was subject to the typical legal arguments argued within the Patent Office.  Such information is contained in the patent file history filed with the court and sent to the Defendant as discovery.  The only litigation related to Hutchins' intellectual properties such as Civil Action 04-30126-MAP have been contract disputes with the licensors of these properties that have nothing to do with the validity Hutchins' patent claims.**

3.  Identify each communication you have had concerning the granting or possible granting of any license, rights, covenants not to sue or the like pertaining to the patents-in-suit or copyrights-in-suit or any subject matter thereof (including without limitation communications with the Lindseth Group), and for each such communication:

        a.    identify each person with whom you had said communication;

        b.    state the circumstances of said communication; and

        c.    identify each document concerning said communication.

**Answer:**  **I am the owner of over 15 copyrights, U.S. and foreign patents and patents pending.  It would be impossible and cost prohibitive for me to gather and copy the huge volume of related documents, communications and persons involved with these intellectual properties over the past 24 years.  As part of discovery I have voluntarily supplied Zoll with the documents that relate to this action.  In reply, Zoll has furnished little and opposed most of my discovery requests.  Should you have a more specific request, I shall be happy to answer that request.  The dispute with the Lindseth Group and Cardiac Science, Inc. is a matter of public record and this ongoing action can be found under Civil Action 04-30126-MAP.**

4.  Identify any assignment, agreement, license or any other right whatsoever that you have granted or has been granted to you concerning the patents-in-suit and/or copyrights-in-suit, or the subject matter thereof.

**Answer:**  **Patent license dated June 1, 1994 given to County Line Limited has been terminated and the successor Complient Corporation was dissolved in**

2

October 2003.

5. For each of the copyrights-in-suit, state or identify:

    a. the date the original work of authorship was fixed in any tangible medium of expression;

    b. where the authorship took place;

    c. all materials referred to or relied on during the authorship;

    d. all documents and things supporting your responses to subparagraphs (a)-(c) above; and

    e. each person who was present at the events referred to, and/or has knowledge of the facts alleged, in your responses to subparagraphs (a)-(c) above.

**Answer:** **Hutchins Registration Number TXu-210-208 with the title, *Script & word list, CPR PROMPT"* was created by Donald C. Hutchins in 1985 and registered 13Sep85. This copyright has never been transferred to any other party. Many words and phrases from the Script and word list authored, recorded and digitized by Hutchins in 1985 are being used in Zoll's AED Plus. A copy of this word list pertaining to this copyright was sent by Hutchins to Attorney Englander on November 24, 2004 as part of voluntary discovery.**

**Answer:** **Hutchins Registration Number TXu-213-859 a computer program with the title, *LC5800 series cross assembler* was created by Donald C. Hutchins in 1985 and registered 13Sep85. This computer program was authored by Donald C. Hutchins and Robert Jeffway an employee for hire who is available as a witness. Because CPR standards have remained the same since the algorithms were written in 1985, most of the CPR algorithms to control the CPR prompting used in Zoll's AED plus are the same as those created and copyrighted by Hutchins in Copyright TXu-213-859. This copyright has never been transferred to any other party. Documentation pertaining to this copyright was sent by Hutchins to Attorney Englander on November 24, 2004 as part of voluntary discovery.**

6. State the basis for your allegation in Paragraph 30 of the Complaint that "[t]he

software design of Zoll's AED Plus violates the Copyright Act of 1976 with the use of a series of images and voice commands originally created as algorithms used for CPR Prompting software copyrighted by Hutchins."

**Answer:**    **Please refer to answer given to interrogatory #5.**

7.    Identify with particularity each of the "terms" and "graphic instructions" allegedly used by the AED Plus that you allege "are identical to the series of images created by Hutchins in his copyrighted material" in Paragraph 31 of the Complaint.

**Answer:**    **Zoll's AED Plus that is currently being marketed contains a high number of images that are almost identical and infringe Hutchins patents and copyrights. Another item found in the marketplace, Zoll's *Administrator's Guide PN 9650-0301-01* publication contains many examples of terms and graphic instructions that are identical to the series of images created in his copyrighted material. Zoll's AED Plus marketing sales brochures and the companion CD-ROM called "AED in action video", are further evidence of Zoll's illegal use of Hutchins' images, programming and vocal phrasing for CPR rescue guidance..**

8.    Identify each communication between you and Zoll from January 2003 to the present.

**Answer:**    **Copies of communications from January 2003 to the present were forwarded to Attorney Englander in December of 2004 as part of the Rule 26, (1), (A) as part of voluntary discovery**

9.    State the basis for your allegation in Paragraph 34 of the Complaint that "[d]uring Hutchins' telephone conversation with Richard Packer on may 5, 2003, it was agreed that Zoll would welcome a licensing agreement with Hutchins."

**Answer:**    **The phrase, "It was agreed that Zoll would welcome a licensing agreement with Hutchins" is the testimony of Hutchins. Mr. Parker followed-up this telephone conversation by asking Gary Freeman, who was hired for the position of Zoll's license administrator to contact Hutchins. This led to a meeting between Hutchins and Freeman and licensing discussions at Zoll on August 20, 2003.**

10.    State the basis for your allegation in Paragraph 35 of the Complaint that "Mr. Freeman contracted with Hutchins to supply data necessary for the license agreement."

4

**Answer:**     **An E-mail from Gary Freeman to Hutchins dated Aug. 22, 2003 clearly indicates that Mr. Freeman contracted with Hutchins to supply data necessary to establish a foundation for a license agreement and also states that Zoll would use a "separate attorney for the contract." A copy of this E-mail was furnished to Attorney Englander as part of voluntary discovery.**

11.     State the basis for your allegation in Paragraph 38 of the Complaint that Zoll "agreed" to negotiate a license with Hutchins.

12.     State the basis for your allegation in Paragraph 38 of the Complaint that "Zoll has breached its verbal contract to negotiate in good faith with Hutchins," and identify with particularity the language that you contend constituted a verbal contract, when that language allegedly was said, who said it, to whom it was said, the context in which it was said, and any other person who was present when it was said.

13.     State the basis for your allegation in Paragraph 38 of the Complaint that "Zoll has also breached the written contract for Attorney Lee's services to expedite a final license, "and identify with particularity the contractual language you contend supports this allegation.

**Answer:**     **A series of E-mails between Gary Freeman and Hutchins bearing the dates 8/22/03, 9/11/03, 9/18/03, 9/19/03 and 9/24/03 document Zoll's intensions and commitment to finalize a patent license with Hutchins. Copies of these E-mails were furnished to Attorney Englander as part of voluntary discovery.**

14.     State the basis for your allegation in Paragraph 38 of the Complaint that defendant's alleged breach of contract "has also encouraged other defibrillator manufacturers to include Hutchins' inventions in their products, " and state or identify with particularity:

      a.     each "other" defibrillator manufacturer you contend has included your "inventions" in its products;

      b.     for each such manufacturer, each specific product you contend includes your "inventions";

      c.     the date you first learned of each alleged incorporation of your "inventions" into each such product; and

      d.     the action(s) you have taken with respect to the alleged incorporation of your "inventions" into each such manufacturer's products, including without limitation any form of communication, licensing, or lawsuits.

**Answer:**     **A *Winter Report* from the *Survivors Foundation* dated April 24, 2004 that**

compared the AED product offered by the 6 leading manufacturers found Zoll's AED Plus to be the "Best Rated AED" with the praise, *"ZOLL's AED has more unique features than any of the other AED's we evaluated. The most impressive of these features are those that focus on the CPR portion of resuscitating a patient. ZOLL provides a step-by-step prompt, guiding the user through the CPR process."*

15.    Describe in detail the methodology used to compute the figures in each paragraph of your prayer for judgment on pages 12-13 of the Complaint, including the basis for the time periods used in each paragraph and the basis for the 5% royalty calculation in paragraphs (c)-(g). and identify each document concerning, and each person having any knowledge of, each basis for said alleged damage.

**Answer:**    **As part of the initial disclosures I supplied a complete accounting of damages to Attorney Englander that were valid as September 3, 2004. Certainly these damages have increased since that date due to litigation costs, loss of use of the Patent No. 5,913,685 pending resolution of this litigation, and the value gained by Zoll increased sales due to the use of Hutchins' properties. The intransigence of Zoll since the filing of this action will certainly be considered by the Court under the triple damages clause contained in Title 35, Section 285.**

16.    Describe the steps you took to investigate the facts alleged in the Complaint before filing this lawsuit.

**Answer:**    **After Zoll announced AED Plus to be an innovative defibrillator that included CPR voice and graphic prompting (which was the "Plus" compared the past products), I received a product demonstration that clearly showed a pattern of infringement of my intellectual properties. I followed with a letter dated April 16, 2003 to the President of Zoll that cited the infringement and suggested a license rather than costly litigation. Mr. Packer delegated negotiations to Gary Freeman. At a meeting with Mr. Freeman on August 20, 2003, Freemen admitted that the AED Plus was computer based and not what Mr. Packer called a simple microprocessor. Negotiations for a license agreement followed. I filed the infringement action approximately 11 months after the initial infringement notification letter to the President of Zoll.**

6

17.    Identify each matter filed in a court of law or with a government agency concerning the patentability, scope, interpretation, infringement, noninfringement, validity, invalidity, enforceability or unenforceability of any of the claims of any of the patents-in-suit or copyrights-in-suit.  With respect to each such matter:

        a.    State the title of the case and the parties involved;

        b.    State the court or administrative body and country in which the case was filed;

        c.    State the date the case was filed;

        d.    State the docket or case number assigned to the case;

        e.    State each patent alleged to have been infringed;

        f.    State the accused product or process; and

        g.    State any judgment rendered and /or specify the present status of the case.

**Answer:**    **Such information has previously been supplied to Attorney Englander as part of voluntary discovery.**

18.    Identify each person who participated in preparing your responses to these interrogatories, and describe each such person's participation in preparing your responses to these interrogatories.

**Answer:**    **I, Donald C. Hutchins prepared these answers with no assistance.**


Respectfully submitted,


DONALD C. HUTCHINS, Pro Se


_____
1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 781-6280

Dated: June 9, 2005


## CERTIFICATE OF SERVICE

    I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I caused a true and correct copy of to delivered by first class mail to Jordan M. Singer, Esq., Goodwin Proctor LLP, Exchange Place, Boston, MA 02109