EXHIBIT G

UNITED STAT   DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| 08/667,946 | | HUTCHINS   FIRST NAMED APPLICANT | | 02064/002001 |
|---|---|---|---|---|
| APPLICATION NUMBER | U.S. FILING DATE | | | ATTY. DOCKET NO. |

P3M1/0121

CHARLES P HIEKEN
FISH & RICHARDSON
225 FRANKLIN STREET
BOSTON MA 02110-2804

| | EXAMINER |
|---|---|
| ROVNAK, J | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3302 | 8 |

01/21/98

DATE MAILED:

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

## OFFICE ACTION SUMMARY

☑ Responsive to communication(s) filed on ___12/15/97___

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 D.C. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___3___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☑ Claim(s) ___1-43___ is/are pending in the application.
   Of the above, claim(s) _____ is/are withdrawn from consideration.
☐ Claim(s) _____ is/are allowed.
☑ Claim(s) ___1-43___ is/are rejected.
☐ Claim(s) _____ is/are objected to.
☐ Claim(s) _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.
☑ The drawing(s) filed on _____ is/are objected to by the Examiner.
☑ The ~~proposed drawings~~correction, filed on ___11/10/97___ is ☑ approved ☐ disapproved.
☐ The specification is objected to by the Examiner.
☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None   of the CERTIFIED copies of the priority documents have been

   ☐ received.
   ☐ received in Application No. (Series Code/Serial Number) _____.
   ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   *Certified copies not received: _____

☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of Reference Cited, PTO-892
☑ Information Disclosure Statement(s), PTO-1449, Paper No(s). ___2,1,7___
☐ Interview Summary, PTO-413
☐ Notice of Draftsperson's Patent Drawing Review, PTO-948
☐ Notice of Informal Patent Application, PTO-152

--SEE OFFICE ACTION ON THE FOLLOWING PAGES--

PTOL-326 (Rev. 9/95)                                                    ✱ U.S. GPO: 1996-404-496/40517

Serial Number: 08/667,946                                           Page 2

Art Unit: 3302

## DETAILED ACTION

1.      Applicant's election with traverse of claims 11, 13-20 and 42 in Paper No. 5 is

acknowledged.  The traversal is on the ground(s) that the examiner has not shown that the claims

in Groups I-IV are patentable over each other.  This is found persuasive, therefore, the

requirement is withdrawn.

2.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

3.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the manner in which the invention was made.

4.      Claims 1, 21, 22, 31, 32, 36, 37, 39, 40, 43  are  rejected under 35 U.S.C. 102(b) as being

anticipated by Battaglia (5,088,037).

Regarding claims 1 and 39 Battaglia anticipates a CPR aiding computer system and

method for providing guidance to rescue personnel trained in CPR for resuscitating a victim under

an emergency condition, said system comprising:

Serial Number: 08/667,946                                                    Page 3

Art Unit: 3302

     an input for entering information signals representative at least of characteristics of said victim relevant to proper performance of CPR techniques (Fig. 2);

     a processing unit responsive to the information signals and for providing output signals representative of proper steps to be taken in resuscitating said victim (Fig. 3);

     an output, including a display, responsive to said output signals and for providing guidance signals, which include visible signals on the display, of the proper steps to be taken by said rescue personnel in resuscitating said victim (col 2 lns 3-6, col 3 lns 22-27).

5.     Regarding claim 21, 31, 43 Battaglia's article of manufacture comprises a computer usable medium having computer readable program code embodied therein (especially see Battaglia col 3 lns 13-20).

6.     Regarding claim 22, 32 and 40 see Battaglia, col 2 lns 15-19.

7.     Regarding claim 36, Battaglia includes a recorder of "the time spent by the rescuer in and procedure during the rescue operation" (see col 5 lns 28-31).

8.     Regarding claim 37, see Battaglia Fig. 2 (36,37).

9.     Claims 2-7, 9, 10, 12, 23-29, 33-35, 41 are rejected under 35 U.S.C. 103(a) as being unpatentable over Battaglia in view of Hon (4,360,345).

10.     Regarding claims 2, 4, 6, 7, 23-29, 33-35 and 41 Hon teaches the use of animated pictorial representations of a rescue personnel practicing proper CPR steps upon a victim (Fig. 7, 8). Battaglia includes visible signals comprising graphic and alphanumerical display . Battaglia

synchronizes audible intelligible sound signals with visible signals.  It would have been obvious to

one of ordinary skill in the art that said synchronized visible signals of Battaglia include the

animated  pictorial representations  taught by Hon.  Further regarding claims 7 and 26, it would

have been obvious to one of ordinary skill in the art that the graphic display of Battaglia include

icon representations as would have been conventional in the art.

11.      Regarding claim 3, see Battaglia, col 2 lns 15-19, use of an electroacoustical transducer

being inherent.

12.      Regarding claim 5, see Battaglia, col 2 lns 7-10 and Fig. 2.

13.      Regarding claim 9, Battaglia includes a keypad.

14.      Regarding claim 10, see the personal computer of Battaglia Fig. 2.

15.      Regarding claims 12 and  28  Battaglia includes a recorder of "the time spent by the

rescuer in and procedure during the rescue operation"  (see col 5 lns 28-31).

16.      Regarding claim 29, see Fig. 2 (36, 37).

17.      Claims 8, 11 and 42 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Battaglia in view of Hon (4,360,345) and further in view of Lamb et al (4,489,387).

18.      Regarding claim 8, Battaglia includes the input of at least one of relevant characteristics of

said victim and the number of said rescue personnel relevant to proper performance of CPR

techniques.  If not inherent in the basic or tutorial mode of Battaglia, it would have been obvious

to one of ordinary skill in the art that the device of Battaglia include prompting queries regarding

characteristics of victim and number of rescue personnel.  This is further obvious in view of the

Serial Number: 08/667,946                                                     Page 5

Art Unit: 3302

teaching of Lamb et al (see Summary of the Invention) regarding the use of queries regarding

relevant characteristics of a cardiac arrest victim (see col 2 lns 31-40 for example).

19.      Regarding claim 11 and 42, see Battaglia, col 6 lns 53-59 regarding the connecting of the

device to external peripheral devices for transfer of data.  Connection of the device to external

devices for transfer of data would have suggested to one of ordinary skill in the art the use of a

network of computers linked to each other for data transfer.  Moreover, it would have been

obvious to one of ordinary skill in the art to network the devices of Battaglia in view of the

teaching of Lamb et al regarding the use of a computer network for coordination of medical

personnel treating a (cardiac arrest) patient (especially see Lamb et al col 3 lns 46-50, col 6 lns 1-

9 and claim 9).

20.      Claims 13-20, 30 and 38 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Battaglia in view of Hon (4,360,345) and further in view of Lamb et al (4,489,387).  See the

above discussions regarding claims 11, 10, 3, 2, 1, 4 and 12.  Lamb et al uses a data

communication line 78, assumed to be hard-wired.  Use of wireless communication would have

been obvious to one of ordinary skill in the art.

21.      Regarding claim 30 and 38, Battaglia's device includes the use of audible intelligible sound

signals.  Both Hon and Lamb et al teach the use of speech synthesis (Hon, Fig 5 (40); Lamb et al

col 12 lns 10-12).  It would therefore have been obvious to one of ordinary skill in the art to

include spoken audible signals with the visible instructions of Battaglia.  Providing the capability

Serial Number: 08/667,946                                                Page 6

Art Unit: 3302

for language selection in any device using speech synthesis would have been obvious to one of

ordinary skill in the art in view of common sense, based upon the place of use of the device.


22.    Any inquiry concerning this communication or earlier communications from the examiner

should be directed to John Rovnak whose telephone number is (703) 308-3087.

John Rovnak

January 16, 1998

Richard J. Apley
Supervisory Pat. Exr.
Art Unit 3302