0

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS | )<br>)<br>) |
| Plaintiff | )<br>) Civil Action: **04-30121-MAP** |
| v. | )<br>) |
| ZOLL MEDICAL CORPORATION | )<br>) |
| Defendant | )<br>) |

## PLAINTIFF DONALD C HUTCHINS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Donald C. Hutchins ("Hutchins") submits this memorandum in opposition to defendant Zoll Medical Corporation's ("Zoll") Motion for Summary Judgment. Defendant has not come forward with any admissible, material evidence or relevant legal analysis in support of its denial that it has and continues to infringe Hutchins' intellectual properties. Rather than repentance for its illegal behavior, Zoll has conspired to fight a battle of attrition against Hutchins while at the same time it prepared and filed a patent application that plagiarized Hutchins' intellectual properties related to cardiopulmonary resuscitation ("CPR") prompting.

## INTRODUCTION

Defendant's motion should be denied because Zoll has failed to come forward with any admissible, material evidence or relevant legal analysis in support of its denial that it has and continues to infringe Hutchins' intellectual properties. In support of his Complaint, Hutchins has produced and supplied to Zoll the following undisputed evidence.

1. A valid copy of Hutchins' Patent No. 5,913,685 ("685").
2. A complete file wrapper, history and claims construction of Patent '685 in which all of asserted claims against the offending AED Plus and Zoll's *Rescue Net* software are delineated.

3. A valid copy of Hutchins' Patent No. Re 34,800 ("800").

4. A complete file wrapper, history and claims construction of Patent "800 which is used as a reference in the Complaint.

5. A valid copy of Hutchins' Copyright Registration No. TXu-213-859.

6. Disclosure materials included in Copyright Registration No. TXu-213-859 as part of discovery.

7. A valid copy of Hutchins' Copyright Registration No. TXu-210-208.

8. Disclosure materials included in Copyright Registration No. TXu-210-208 as part of discovery.

9. Evidence of infringing contained in 49 documents supplied as part of discovery including a Table of Contents attached herein as Exhibit A.

* * * *

In response to Hutchins' Complaint Zoll did not move to dismiss. Zoll did file a standard denial with no admission or evidence to support that denial. On April 16, 2003 Hutchins sent a letter to Richard Packer, the President of Zoll, indicating that the AED Plus was infringing Claims of Hutchins Patent '685. In reply, Packer telephoned Hutchins. During the telephone conversation Packer said that the during the development of the AED Plus his people investigated Hutchins patent '685 and felt that the AED Plus would not infringe Hutchins' patent because it used a microprocessor rather than the general purpose computer claimed by Hutchins. Packer did not understand that what he referred to as a microprocessor was actually a microcomputer or "computer on a chip." It was obvious to Hutchins that Packer confused the term "personal computer" that is found in homes and offices with a "general purpose computer" that is used in many industries and that comes in many different sizes and configurations.

Zoll has continued to hold on to this misconception until Zoll shipped a 5 lb. box of undocumented evidence to Hutchins as part of discovery. This box contained the *AED Plus Administrator's Guide* as evidence that the AED Plus is controlled by a Hitachi SuperH microprocessor. The Hitachi Super H is a general purpose computer. With this indisputable evidence in hand, Hutchins moved for a Summary Judgment.

Hutchins acceded to an extension to Zoll's Answer to Summary Judgment.

Zoll's response included Zoll's Answer to Summary Judgment in addition to Zoll's Motion for Summary Judgment. Also included were: Defendant's Local Rule 56.1 Statement of Undisputed Material Facts, Defendant's Memorandum in Support of its Motion for Summary, a Declaration of Gary A. Freemen ("Freeman") and a Declaration for Jordan M. Singer, Esq.("Singer') per Exhibit B attached.

Zoll's Motion for Summary Judgment must fail for the following reasons:

1. Zoll has failed to come forward with any admissible, material evidence or relevant legal analysis in support of its denial to infringing Hutchins' intellectual properties.

2. Zoll's Statement of Undisputed Facts contains 31 statements. Hutchins' Answer to Zoll's Local Rule 56.1 filing disputes 13 of Zoll's Statements. Many others that can only be accepted with clarification.

3. Mr. Freeman is employed by Zoll and can not be accepted as an expert or independent witness. Freeman's Declaration that accompanied and supported Zoll's Motion for Summary Judgment is flawed and many of his statements are wrong and subject to challenge by Hutchins.

4. Zoll grossly misreads the structure of the Claims of Patent '685 and confuses the independent and dependent Claims.

5. Zoll's legal arguments cite cases that are not applicable and do not apply.

## RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS

Many of the facts in Defendant's Statement of Material Facts are not facts at all, but mere conjecture, mischaracterization and (incorrect) legal conclusions. Because Defendant presented a separate Local Rule 56.1 Statement of Undisputed Facts, Hutchins has answered with a separate document controverting the Defendant's Statement. The 13 statements that Hutchins disputes are genuine issues to be tried. A copy of Hutchins' memorandum that responds to all 31 of the Local Rule 56.1 statements that Zoll treats as fact is attached as Exhibit C.

## LEGAL STANDARD FOR DENIAL OF SUMMARY JUDGMENT

Local Rule 56.1 states in part, "Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contending that there is a genuine issue to be tried.

3

## ARGUMENT

Defendant's motion should be denied because Zoll has failed to present any evidence showing that plaintiff is not entitled to judgment as a matter of law on these asserted claims:

1. Plaintiff's claims of copyright infringement must succeed because the undisputed facts show that Zoll continues to infringe Hutchins' Copyright Registration No. TXu-213-859 and Hutchins' Copyright Registration No. TXu-210-208

2. Plaintiff's claims of breach of contract must succeed because the undisputed facts show that at the time Zoll was contracting with Hutchins to license his properties, Zoll was actually preparing its own patent application that copied Hutchins' invention.

3. Plaintiff's claim of patent infringement by means of sales must succeed because the undisputed facts support the claim that Zoll is selling a product called *AED Plus* that infringes Hutchins Patent No. 5,913,685.

4. Plaintiff's claim of patent infringement by means of manufacture must succeed because the undisputed facts support the claim that Zoll is selling a product called *AED Plus* that infringes Hutchins Patent No. 5,913,685.

5. Plaintiff's claim of patent infringement by means of computer program must succeed because the undisputed facts support the claim that Zoll's *AED Plus* defibrillator uses a computer and computer program to produce cardiopulmonary ("CPR") voice and graphic prompting in violation of Hutchins Patent No. 5,913,685.

6. Plaintiff's claim of patent infringement by means of a computer network, output, transmission, record keeping and storage must succeed because the undisputed facts support the claim that Zoll's *Rescue Net* network computer programming infringes Hutchins Patent No. 5,913,685.

**A.  The AED Plus Does infringe the '685 Patent.**

A determination of infringement involves a two-step process. "First, the claim must be properly construed to determine its scope and meaning. Second, the claim must be compared to the accused device or process" <u>Carroll Touch, Inc. v. Electo Mech Sys.</u>,

4

Inc. 15 F3d 1573, 1576, 27 USPQ2d 1836, 1839 (Fed. Cir. 1993). Hutchins' Claim Construction for Patent No. 5,913,685 construed the scope and meaning of each claim and compared each asserted claim to Zoll's *AED Plus* device and Zoll's *Rescue Net* network software. This second step comparison offers irrefutable evidence that the AED Plus and Rescue Net software infringe the Hutchins '685 Patent. The second step, comparing the properly construed claims to the accused device, is a question of fact. Bai v. L&L Wings, Inc., 160 F.3d 1350, 1353, 48 USPQ2d 1674, 1676 (Fed. Cir. 1998).

As mandated by the definiteness requirement of the Patent Act, a specification must conclude with claims "particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention" 35 U.S.C. § 112, ¶ 2 (2000). Attorney Charles Hieken, a graduate of MIT and Harvard Law School, wrote the claims of Patent '685 and Zoll found no problems in the prosecution and validity of this patent in their analysis of the patent history file and claims construction. Determining whether a claim is definte requires an analysis of "whether one skilled in the art would understand the bounds of the claim when read in light of the specfication . . .if the claims read in light of the specification reasonably apprise those skilled in the art of the scope of the invention, § 112 demands no more." Miles Labs., Inc. v. Shandon, Inc. 997 F.2d 870, 875, 27 USPQ2d 1123, 1126 (Fed Cir. 1993). Hutchins expects that any educated layman could understand the claims as written and without question those skilled in the art of cardiopulmonary resuscitation would have no problem understanding the bounds of the claims.

    1. <u>The AED Plus Utilizes a General Purpose Computer</u>

The AED Plus incorporates a general purpose computer and an interactive display input as cited in ¶s 4,5,7,8,9,12,13, of Hutchins' Answer to Local Rule 56.1 attached as Exhibit C. These facts make Zoll's citation of <u>Carroll Touch, Inv. V. Electro Mech. Sys. Inc</u>. and <u>Lantech, Inc. v. Keip Mach. Co</u>. meaningless.

    2. <u>The AED Plus Does Have an Interactive Display Input</u>

The AED Plus incorporates an interactive display input as well as interactive display input as revealed in ¶s 12 and 13 of Hutchins' Answer to Local Rule 56.1 attached as Exhibit C.

    3. Hutchins Explicitly Distinguished the Structure

5

Used by the AED Plus During Prosecution of His Patent.

Zoll is correct in its statement, "indeed during prosecution Hutchins took the explicit position that a dedicated device utilizing a microprocessor was fundamentally different from his professed invention." The invention that was finalized as patent '685 was one of the first patents that involved software as well as hardware related to computer science. Hutchins' older invention that led to Hutchins patent '800 is based on 4-bit processor architecture. A printout of Patent '685 lists Hutchins' Re. 34,800 as the first of 23 references cited. Hutchins claimed a general purpose computer to distinguish the '685 from the '800 patent.

Patent '800 teaches the use of a dedicated device using a microprocessor. Thousands of devices called *CPR Prompt*® have been sold that carry Hutchins' Patent No. Re-34,800. The *CPR Prompt*® was reduced to practice using simple, dedicated 4-bit processor described in patent '800.

At the time of the invention that led to Hutchins patent '685 the simple 4-bit processor at the time commonly referred to as a microprocessor, had evolved into the powerful microprocessors that we know today as computers on a chip or microprocessors. Hutchins' new invention was based on the computer technology that distinguished these modern microprocessors from the older dedicated 4-bit processor technology.

The word "computer system" was replaced with the term "general purpose computer" during prosecution to show that Hutchins' new invention was not built around the same type of simple microprocessor that drive patent '800. Hutchins' patent '685 is built around a general purpose computer. AED Plus is also built around a general purpose computer, namely the Hitachi SuperH RISC microprocessor.

**B.     The AED Plus Does Not Infringe the '800 Patent**

Hutchins did not assert in his Complaint that the AED Plus infringes the '800 patent. Hutchins uses the '800 patent only for reference to show that the AED Plus microprocessor is a Reduced Instruction Set Computer rather than the simple microprocessor taught by the '800 patent.

## II.    THE AED PLUS DOES INFRINGE PLAINTIFF'S COPYRIGHTS.

To establish copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). "In judicial proceedings, a certificate of copyright registration constitutes prima facie evidence of copyrightability and shifts the burden to the defendant to demonstrate why the copyright is not valid." Bibbero Sys., Inc. Colwell Sys., Inc. 893 F.2d 1104, 1106 (9th Cir. 1990) During discovery Hutchins produced certificates of copyright registration and evidence that the AED Plus device infringes Copyright No. TXu-213-839 and TXu-210-208..

### A.    Zoll Copied Hutchins' Works.

The *CPR Prompt®* device that carries Hutchins' copyrights has been on the market for over 15 years and is well known to Zoll employees Packer and Freeman because it is recommended for use by the American Heart Association. The electronically produced words and script are unique to the CPR Prompt and there are no comparable products on the market. The timing, repetition, and sequence of prompts produced by the *CPR Prompt®* are also original and unique.

To show actionable copying and therefore to satisfy Feist's second prong, a plaintiff must evidence that the alleged infringer had access to the copyrighted work and that the offending copyrighted works are so similar that the court may infer that there was factual copying (i.e., probative similarity). Engineering Dynamics, 26 F.3d at 1340.

Copyright TXu-210-208, entitled "Script and Word List" is not a written work or manuscript. It is a list of words that are digitized into a digital format from an analog format. These digitized words are called-up by a program that collects and combines the words into prompting phrases that form the CPR script. In the past 15 years, no one other than Hutchins or his licensee has marketed an electronic device that has used these digitized words for CPR prompting until the AED Plus entered the market. Zoll digitized many of the words and phrases that Hutchins digitized as Copyright TXu-210-208 and stored them in the memory of the AED Plus. Zoll's purpose for digitizing these particular words was to use them to allow the AED Plus to speak these words to guide rescuers through CPR.

7

Copyright No. Txu-213-859 applies to a program that guides rescuers through CPR by use of the proper timing and repetitions algorithms. This work was created, authored and copyrighted by Hutchins. The AED Plus uses the same program architecture to guide rescuers through CPR by the use of the same algorithms.

Computer programs receive copyright protection as "literary works." (17 U.S.C.). The Second Circuit designed its Altai test to deal with the fact that computer programs, copyrighted as "literary works" can be infringed by what is known as "nonliteral" copying, which is copying that is paraphrased or loosely phrased rather than word for word. When faced with nonliteral-copying cases, courts must determine whether similarities exist that are due to merely the fact that the two works share the same underlying idea or whether instead indicate that the second author copied the first author's expression.

The three steps of the Altai test: abstraction, filtration and comparison give the strongest evidence that the CPR rescue section structure of the computer program that controls the AED Plus compares exactly with the timing and quantity of compressions used in the Copyright No. Txu-213-859 program.

III.  **Plaintiff Has Presented Substantial Evidence and Testimony to Support His Claim of Breach of Contract.**

The statement of undisputed facts filed by Zoll asserted 8 statements based on Freeman's distorted Declaration. Hutchins has denied the majority of these statements as found in ¶s 24 through 31 of Exhibit C. Discovery has unearthed a patent application that Freeman authored and Zoll's Patent Attorney Lee filed that copied Hutchins' patent '685 within the time frame that Zoll was negotiating a license agreement with Hutchins. Hutchins has produced and Zoll has replied with 7 e-mail communications as evidence of the license contract negotiations. Attorney Hieken removed himself form license discussions because Zoll's actions caused a conflict of interest in the Fish & Richardson office that is part of the public record. This is only a part of an abundance of evidence of Hutchins claim of breach of contract.

8

## CONCLUSION

For the reasons set forth above and as testified to by Donald C. Hutchins by affidavit, Plaintiff respectfully submits that the Defendant, Zoll Medical Corporation is not entitled to Summary Judgment on any claims at issue as a matter of law because there are genuine issues to be tried.

Respectfully submitted

The Plaintiff
Donald C. Hutchins, Pro Se

Dated: August 16, 2005

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606
(413) 739-4060 (facsimile)

## CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by United Parcel Service to Jordan M. Singer, Esq., Goodwin Proctor LLP, Exchange Place, Boston, MA 02109.

Dated: 8/16/05

Donald C. Hutchins

# EXHIBIT A

## TABLE OF CONTENTS

1.  United States Patent - Patent Number 5,913,685

2.  United States Patent - Patent Number 4,583,524

3.  United States Patent - Patent Number Re. 34,800

4.  Ltr. Hutchins to Richard A. Packer, President Zoll Medical 4/16/03

5.  Ltr. Hutchins to Richard A. Packer, President Zoll Medical 5/20/03

6.  Ltr. Hutchins to Gary Freeman, Zoll Medical 8/11/03

7.  Ltr. Hutchins to Gary Freeman, Zoll Medical 9/22/03

8.  E-mail Gary Freeman to Hutchins 8/11/03

9.  Calendar - Meeting Hutchins / Gary Freeman 8/20/03

10. E-mail Gary Freeman to Hutchins 8/22/03

11. E-mail Gary Freeman to Hutchins 9/11/03

12. E-mail Atty Chuck Hieken to Hutchins 9/11/03

13. E-mail Gary Freeman to Hutchins 9/18/03

14. E-mail Gary Freeman to Hutchins 9/19/03

15. E-mail Gary Freeman to Hutchins 9/24/03

16. Agreement allowing Atty Lee - Evaluate Merits of Patents

17. Ltr. Hutchins to Freeman 8/11/03 with copy of Patent

18. E-mail- Attorney Hieken to Hutchins i.e. Computer Description

19. Copy CPRNET Trademark

20. AED Plus Description

21. Zoll Annual Reports 2002, 2003

22. Article AEDPLUS Winner Product Design Magazine

23. Zoll Form 10-K Year End 2001

24. Secretary of Commonwealth Corporate Listing for Zoll

25. Secretary of Commonwealth Zoll Medical Corporation

26. Secretary of Commonwealth Zoll Securities Corporation

27. Delaware - ZMD Corp. dba Zoll

28. Zoll Press Release AED @ Home

29. Zoll Letter to Shareholders Major Milestone AED Plus

30. Press Release AED PLUS Wins First Place

31. How Microprocessors Work - Microprocessor (CPU) (Encarta)

32. Computer / Microprocessor Definition from Internet

33. Zoll Medical stock Listed "ZOLL"

34. Computer / Microprocessor Library

35. Medtronic CR Plus (Data Management)

36. AED Plus Administrators Guide & Specifications

37. AED Plus Sales Brochure

38. UCC Distributor of AED Plus

39. Zoll - Letter Parker to Shareholders 2002

40. Zoll Annual Results 2003

41. Zoll Earning's Report 1st Qt 2004

42. Comparison Reviewing AEDs of 6 Competitors

43. Zoll Press Release 4/20/04 AED Plus Pediatric

44. Hutchin's Appointment Book for 5/20/03

45. Zoll Receives FDA Marketing Clearance for AED Plus Pediatr Capability

46. Zoll Medical Introduces Codenet for Hospitals - First COD Data Management System.

47. Zoll Medical Signs Exclusive License Agreement with LIFECO.

48. Letter to Gary Freeman from Don Hutchins 8/27/04
    U. S. Patent 5,913,685

49. United States Securities and Exchange Commission
    Form 10-Q  Zoll Medical Corporation

# EXHIBIT B

**GOODWIN | PROCTER**

Jordan M. Singer
617.570.1096
jsinger@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

July 18, 2005

**By Federal Express**

Mr. Donald C. Hutchins
1047 Longmeadow Street
Longmeadow, MA 01106

Re:   **Hutchins v. Zoll Medical Corp.**
      **United States District Court, D. Mass., Case No. 04-30121**

Dear Mr. Hutchins:

I am enclosing the following documents, which were filed electronically with the Court today:

1. Defendant Zoll Medical Corporation's Opposition to Plaintiff's Motion for Summary Judgment;

2. Defendant Zoll Medical Corporation's Motion for Summary Judgment;

3. Defendant Zoll Medical Corporation's Local Rule 56.1 Statement of Undisputed Material Facts;

4. Defendant Zoll Medical Corporation's Memorandum in Support of Its Motion for Summary Judgment;

5. Declaration of Gary A. Freeman; and

6. Declaration of Jordan M. Singer, Esq.

Sincerely yours,

Jordan Singer

Jordan M. Singer

cc:   John C. Englander, Esq.

Enclosures