UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>ZOLL MEDICAL CORPORATION )<br>)<br>Defendant ) | Civil Action: **04-30121-MAP** |

## PLAINTIFF'S MOTION TO SCHEDULE A MARKMAN HEARING

**COMES NOW Plaintiff** Donald C. Hutchins, ("Plaintiff") and hereby moves the Court to schedule a Markman hearing on grounds that:

1. Defendant Zoll Medical Corporation ("Zoll") has asked for oral argument as part of its Motion for Summary Judgment filed July 18, 2005 by stating, that, "oral argument will assist the Court in deciding this Motion, and therefore requests oral argument pursuant to Local Rule 7.1(D)."

2. Defendant's recent Reply Brief to Plaintiff's Opposition to Defendant's Motion for Summary Judgment dated August 31, 2005, responded to "newly presented factual allegations and additional arguments raised in Plaintiff's Opposition and supporting papers." Hutchins has objections to Zoll's response contained in its Reply Brief that would best be argued in a court setting rather than with this continual series of briefs and counter-briefs.

3. Both parties have submitted claim construction documents to this Court for Hutchins' Patent No. 5,913,685. To further determine the scope and meaning of each claim, the Court should consider the specification, drawings, and other claims and prosecution history of the patent. Extrinsic evidence and expert testimony could also be included in determining claim construction.

4. Defendant, Zoll has attempted to mislead the Court with claims that certain elements are absent from the accused device. With a Markman bench trial Hutchins is able to show such elements present in the device and eliminate the tedious process of competing briefs that have become standard operating procedure in this action. Conversely, if such elements are not present, Zoll has the immediate opportunity to show the Court that Hutchins is wrong.

5. While the construed claims may determine the critical issues of this patent suit, there remain copyright claims and breach of contract claims that would best be argued as part of the Markman proceedings.

Plaintiff's Motion is supported by the Memorandum of Law in Support of this Motion to Schedule a Markman Hearing attached.

Respectfully submitted

The Plaintiff
Donald C. Hutchins, Pro Se

Dated: June 15, 2005

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606
(413) 739-4060 (facsimile)

2

## CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first class mail to Jordan M. Singer, Esq., Goodwin Proctor LLP, Exchange Place, Boston, MA 02109.

Dated: 9/15/05

_____
Donald C. Hutchins