UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action: **04-30121-MAP** |
| v. ) | |
| ) | |
| ZOLL MEDICAL CORPORATION ) | |
| ) | |
| Defendant ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION
TO SCHEDULE A MARKMAN HEARING**

**INTRODUCTION**

Plaintiff Donald C. Hutchins, ("Hutchins") moves the Court to schedule a Markman hearing on grounds that:

1. Defendant Zoll Medical Corporation ("Zoll") has asked for oral argument as part of its Motion for Summary Judgment filed July 18, 2005 by stating, that, "oral argument will assist the Court in deciding this Motion, and therefore requests oral argument pursuant to Local Rule 7.1(D)."

2. Defendant's recent Reply Brief to Plaintiff's Opposition to Defendant's Motion for Summary Judgment dated August 31, 2005, responded to "newly presented factual allegations and additional arguments raised in Plaintiff's Opposition and supporting papers." Hutchins has objections to Zoll's response contained in its Reply Brief that would best be argued in a court setting rather than with this continual series of briefs and counter-briefs.

3. Both parties have submitted claim construction documents to this Court for Hutchins' Patent No. 5,913,685. To further determine the scope and meaning of each claim, the Court should consider the specification,

        drawings, and other claims and prosecution history of the patent. Extrinsic evidence and expert testimony could also be included in determining claim construction.

4. Defendant, Zoll has attempted to mislead the Court with claims that certain elements are absent from the accused device. With a Markman bench trial Hutchins is able to show such elements present in the device and eliminate the tedious process of competing briefs that have become standard operating procedure in this action. Conversely, if such elements are not present, Zoll has the immediate opportunity to show the Court that Hutchins is wrong.

5. While the construed claims may determine the critical issues of this patent suit, there remain copyright claims and breach of contract claims that would best be argued as part of the Markman proceedings.

## ARGUMENT

I. In Markman v. Westview Instruments Inc., 52 F.3d 967, 976 (Fed. Cir.1995) the Federal Circuit ruled that the issue of claim construction is a question of law to be decided solely by the judge: We therefore settle inconsistencies in our precedent and hold that in a case tried by a jury, the court has the power and obligation to construe as a matter of law the meaning of language used in the patent claim." Id. at 979.

II. To introduce a uniform approach to claim construction, some district courts have adopted local rules. The Northern District of California is an example. U.S. Dist. Ct. Rules N.D. Calif., Civil L.R. 16-6 to 16-11 (1977).

III. In Markman and a series of post-Markman decisions, the Federal Circuit has delineated the acceptable approach to claim construction and the evidence that may be relied upon and/or considered by the court. To determine the meaning of claims, one must first look at the words of the claim, which are generally given their ordinary meaning. Vitonics Corp. v. Conceptronics Inc. 90 F.3d 1576, 1582 (Fed Cir. 1996).

IV. The claim construction for Hutchins' Patent No. 5,913,685 that was filed by Zoll reads like a dictionary and offers little insight into the literal claims of the invention. The Court could better understand the invention and infringing device by seeing and hearing

the device in operation during a bench trial. To further determine the scope and meaning of a claim, the court should consider the specification, drawings, other claims and prosecution history of the patent. Smithkline Dianostics Inc. v. Helena Lab. Corp. 859 F.2d 878, 882 (Fed. Cir 1988).

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully submits that both he and the Defendant are entitled to a Markman Hearing to introduce a uniform approach to claim construction procedures and eliminate the continuing series of briefs and responsive briefs regarding claim construction emanating from both parties.

Respectfully submitted

The Plaintiff
Donald C. Hutchins, Pro Se

Dated: September 15, 2005

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606
(413) 739-4060 (facsimile)

## CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first class mail to Jordan M. Singer, Esq., Goodwin Proctor LLP, Exchange Place, Boston, MA 02109.

Dated: September 15, 2005

Donald C. Hutchins