UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DONALD C. HUTCHINS,

    Plaintiff,

        v.

ZOLL MEDICAL CORPORATION,

    Defendant.

CASE NO. 04-30121-MAP

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SCHEDULE A MARKMAN HEARING

Defendant Zoll Medical Corporation ("Zoll") opposes plaintiff Donald Hutchins's motion to schedule a *Markman* hearing, because it does not believe such a hearing is necessary. In fact, the parties already agreed months ago on the claim construction of U.S. Patent No. 5,913,685 (the " '685 patent"). *See* Affidavit of Donald C. Hutchins, dated March 25, 2005, at ¶ 6 (copy attached hereto as Exhibit A) ("I can agree with the definitions held by Zoll in Zoll's claim construction and appendix filed with the court on March 2, 2005"). Zoll does not oppose a hearing on the issues relevant to the parties' motions for summary judgment – and indeed has already requested one – but the specific issue of claim construction is settled and no special hearing is necessary.

The purpose of a *Markman* hearing is for the Court to construe the disputed claims of a patent. *See generally Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995); *see also U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997) (claim construction is for "resolution of disputed meanings"). A *Markman* hearing is not necessary here because the parties already agreed to the construction of all the material terms of the '685 patent,

the only patent at issue in this case. On March 2, 2005, Zoll filed its proposed claim construction with the Court. On March 25, 2005, Hutchins filed an affidavit with this Court, acknowledging receipt of Zoll's claim construction and stating, "I can agree with the definitions held by Zoll in Zoll's claim construction and appendix filed with the court on March 2, 2005." Exhibit A at ¶ 6. Because the parties both agree as to the construction of the terms of the '685 patent, there is no controversy and no *Markman* hearing is required. *See Vivid Techs., Inc. v. American Sci. & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999) (Court need only construe claim terms that are in controversy, to the extent necessary to resolve the controversy).

To the extent plaintiff seeks oral argument on issues relevant to the parties' already pending summary judgment motions (including Zoll's non-infringement of the '685 patent, Zoll's non-infringement of the copyrights-in-suit, and the breach of contract claim), Zoll agrees that a hearing is appropriate, as it would aid the Court in understanding the patents and products at issue. Zoll accordingly asks that a hearing be scheduled for the purpose of addressing those motions.

Respectfully submitted,

/s/ Jordan M. Singer
John C. Englander (BBO # 542532)
Jordan M. Singer (BBO #651068)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000
Fax: (617) 523-1231

Attorneys for Defendant
Zoll Medical Corporation

Dated: September 29, 2005

LIBA/1586861.1