| Claim Language | Construction |
|---|---|
| | understood by one of ordinary skill in the art at the time of the alleged invention, which was "to set forth (as in representation or narrative): DESCRIBE; DEPICT. *See* Tab F at 654. |
| (c) computer readable program code for causing the general purpose computer **to produce** information signals based upon image or text selected by rescue personnel with said interactive display input, wherein said information signals are representative of said characteristics corresponding to said selected image or text; | The term "**to produce**" should be given its ordinary meaning as understood by one of ordinary skill in the art at the time of the alleged invention, which was "to give rise to." *See* Tab E at 938. |
| (d) computer readable program code for causing the general purpose computer to provide output signals representative of proper steps to be taken in resuscitating said victim in response to said information signals; and | |
| (e) computer readable program code for causing the general purpose computer to produce audible speech signals representative of proper steps to be taken by said rescue personnel in resuscitating said victim in response to said output signals. | |
| 22. The article of manufacture of claim 21, wherein the computer readable program code in the article of manufacture further includes: | This claim references a claim previously set forth, Claim 21, and is therefore a dependent claim. As such, it incorporates by reference all the limitations of Claim 21. |
| (a) computer readable program code for causing the computer, in response to said output signals, to display visible signals on the display **synchronized** with the audible speech signals, the visible signals representative of proper steps to be taken by said rescue personnel in resuscitating said victim. | The term "**synchronized**" should be given its ordinary meaning as understood by one of ordinary skill in the art at the time of the alleged invention, which was "happening at the same time." *See* Tab E at 1197. |
| 23. The article of manufacture of claim 22, wherein the visible signals include a pictorial representation of rescue personnel practicing said proper steps upon a victim. | This claim references a claim previously set forth, Claim 22, and is therefore a dependent claim. As such, it incorporates by reference all the limitations of Claim 22. |
| 24. The article of manufacture of claim 23, wherein the computer readable program code in the article of manufacture further includes: computer readable program code for causing to | This claim references a claim previously set forth, Claim 23, and is therefore a dependent claim. As such, it incorporates by reference all the limitations of Claim 23. |

10

| | |
|---|---|
| computer to display an animated sequence of the pictorial representations. | |
| 25. The article of manufacture of claim 24, wherein the computer readable program code in the article of manufacture further includes: computer readable program code for causing the computer to synchronize the audible speech signals with the animated sequence of pictorial representations. | This claim references a claim previously set forth, Claim 24, and is therefore a dependent claim. As such, it incorporates by reference all the limitations of Claim 24. |
| 26. The article of manufacture of claim 24, wherein the visible signals further include <u>icon representations</u> at least of characteristics of said victim relevant to proper performance of CPR techniques. | This claim references a claim previously set forth, Claim 24, and is therefore a dependent claim. As such, it incorporates by reference all the limitations of Claim 24.<br><br>The term "**icon representation**" should be construed in the same manner as "pictorial representation" in Claim 3 above. *See* Tab E at 596. |
| 28. The article of manufacture of claim 24, wherein the computer readable program code in the article of manufacture further includes: computer readable program code for causing the computer <u>to store</u> a <u>record</u> of a sequence of the information signals and the output signals. | This claim references a claim previously set forth, Claim 24, and is therefore a dependent claim. As such, it incorporates by reference all the limitations of Claim 24.<br><br>The term "**to store**" should be given its ordinary meaning as understood by one of ordinary skill in the art at the time of the alleged invention, which was "to transmit a data item from the computer to a memory device." *See* Tab D at 358.<br><br>The term "**record**" should be given its ordinary meaning as understood by one of ordinary skill in the art at the time of the alleged invention, which was "a collection of related data items." *See* Tab D at 315. |
| 31. A computer <u>program</u> for providing guidance signals to rescue personnel trained in CPR for resuscitating a victim under an emergency condition, the computer program being stored on a media readable by a general purpose computer, for <u>configuring</u> the computer upon being <u>read</u> and <u>executed</u> by the computer to | The term "**program**" should be given its ordinary meaning as understood by one of ordinary skill in the art at the time of the alleged invention, which was "a set of instructions for a computer to execute." *See* Tab D at 299. |

LIBA/1456122.1

| Claim Language | Proposed Construction |
|---|---|
| perform functions comprising: | The term "**configuring**" should be given its ordinary meaning as understood by one of ordinary skill in the art at the time of the alleged invention, which was "setting up a computer or program to be used in a particular way." *See* Tab D at 87.<br><br>The term "**read**" should be given its ordinary meaning as understood by one of ordinary skill in the art at the time of the alleged invention, which was "transferred from an external medium, such as a diskette, into a computer." *See* Tab D at 314.<br><br>The term "**executed**" should be given its ordinary meaning as understood by one of ordinary skill in the art at the time of the alleged invention. A program that is "executed" is run by the computer. *See* Tab C at 94. |
| (a) displaying image or text on the display corresponding at least to characteristics of said victim relevant to proper performance of CPR techniques; | |
| (b) producing information signals based upon image or text selected by rescue personnel with **said interactive display input**, wherein said information signals are representative of said characteristics corresponding to said selected image or text; | The term "interactive display input" in this claim has no antecedent structure. To the extent this claim element must be construed, "interactive display input" should be construed in the same manner as set forth in Claim 1 above. Zoll expressly reserves its right to challenge the validity of Claim 31 at a later time. |
| (c) providing output signals representative of proper steps to be taken in resuscitating said victim in response to said information signals; and | |
| (d) providing guidance signals representative of proper steps to be taken by said rescue personnel in resuscitating said victim in response to said information signal, said guidance signals comprising audible speech signals. | |
| 32. The computer program of claim 31, wherein said guidance signals further comprise visible signals on a display | This claim references a claim previously set forth, Claim 31, and is therefore a dependent claim. As such, it incorporates by |

12

LIBA/1456122.1

| | |
|---|---|
| representative of proper steps to be taken by said rescue personnel in resuscitating said victim in response to said information signal. | reference all the limitations of Claim 31. |
| 33. The computer program of claim 32, wherein said functions further comprise synchronizing the audible speech signals with the visible signals. | This claim references a claim previously set forth, Claim 32, and is therefore a dependent claim. As such, it incorporates by reference all the limitations of Claim 32. |
| 34. The computer program of claim 32, wherein the visible signals include a pictorial representation of rescue personnel practicing said proper steps upon a victim. | This claim references a claim previously set forth, Claim 32, and is therefore a dependent claim. As such, it incorporates by reference all the limitations of Claim 32. |
| 35. The computer program of claim 34, wherein said functions further comprise animating said pictorial representation. | This claim references a claim previously set forth, Claim 34, and is therefore a dependent claim. As such, it incorporates by reference all the limitations of Claim 34. |
| 36. The computer program of claim 32, wherein said functions further comprise causing the computer to store a record of a sequence of the information signals and the output signals. | This claim references a claim previously set forth, Claim 32, and is therefore a dependent claim. As such, it incorporates by reference all the limitations of Claim 32. |
| 43. The method of claim 40, wherein said method further includes storing a record of said information signals on a **storage medium**. | This claim references a claim previously set forth, Claim 40, and is therefore a dependent claim. As such, it incorporates by reference all the limitations of Claim 40. Claim 40 itself is a dependent claim, incorporating by reference all the limitations of Claim 39. Plaintiff does not assert Claims 39 or 40 against Zoll, but both claims must be addressed here in order to properly construe Claim 43.<br><br>Claim 39 reads: A method for use in cardiopulmonary resuscitation with a general purpose computer system configured for providing guidance to rescue personnel trained in cardiopulmonary resuscitation (CPR) for resuscitating a victim under an emergency condition, the computer system comprising a terminal having an input and an output, a processing unit responsive to the input, the output being responsive to the processor and including a display and an electroacoustical transducer, the input including an interactive display input, the |

12

method including:

displaying image or text on the display corresponding at least to characteristics of said victim relevant to proper performance of CPR techniques;

producing information signals based upon image or text selected by rescue personnel with said interactive display input, wherein said information signals are representative of said characteristics corresponding to said selected image or text;

processing said information signals, including providing output signals representative of proper steps to be taken in resuscitating said victim;

converting said output signals into signals corresponding to speech signals representative of proper steps to be taken by said rescue personnel in resuscitating said victim; and

applying said signals corresponding to speech signals to the electroacoustical transducer to provide audible speech guidance signals representative of the proper steps to be taken by rescue personnel in resuscitating said victim.

Claim 40 reads: The method of claim 39, wherein said computer terminal further comprises an electroacoustical transducer responsive to said output signals, and wherein said method further comprises converting said output signals to signals corresponding to visible signals representative of the proper steps to be taken by said rescue personnel in resuscitating said victim, and applying said signals corresponding to visible signals to said display to provide visible guidance signals representative of the proper steps to be taken by said rescue personnel in resuscitating said victim synchronized with said audible speech signals.

Notwithstanding its construction of Claim 43 in light of Claims 39

14

| | |
|---|---|
| | and 40, Zoll does not admit any liability or infringement with respect to Claims 39 or 40, and expressly reserves its right to challenge Claim 43 on the ground that Claims 39 and 40 have not been asserted.<br><br>The term "**storage medium**" means "storage device," which is "any device used to record and store computer data," including hard disks, floppy disks, and tape. *See* Tab C at 267. |