UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS,<br><br>   Plaintiff,<br><br>   v.<br><br>ZOLL MEDICAL CORPORATION,<br><br>   Defendant. | CASE NO. 04-30121-MAP |

## **MOTION TO STRIKE AFFIDAVIT OF ROBERT W. JEFFWAY**

Defendant Zoll Medical Corporation ("Zoll") moves to strike the affidavit of Robert Jeffway, recently submitted by plaintiff Donald Hutchins in purported opposition to Zoll's Motion for Summary Judgment. The Jeffway Affidavit is attached as an exhibit both to plaintiff's Memorandum of Law Controverting Defendant Zoll Medical Corporation's Reply in Support of Its Motion for Summary Judgment and plaintiff's Reply in Support of His Motion to Schedule a Markman Hearing. The affidavit should be stricken because: (1) it is not probative, or even relevant, on the issues to which it purportedly pertains, and (2) it is untimely. In further support of this Motion, Zoll states as follows:

1.      On October 11, 2005, this Court granted Hutchins's "Motion for Leave to File Reply Brief" (Docket No. 35). That "reply" brief, really a sur-reply to Zoll's Motion for Summary Judgment (hereinafter "Plaintiff's Summary Judgment Sur-Reply"), was filed with the Court that same day.[1] The Jeffway Affidavit was attached as Exhibit 2 to Plaintiff's Summary Judgment Sur-Reply.

---

[1] Plaintiff's sur-reply brief was entitled "Memorandum of Law Controverting Defendant Zoll Medical Corporation's Reply in Support of Its Motion for Summary Judgment" (Docket No. 36).

2. On October 12, 2005, this Court granted plaintiff leave to file his "Reply in Support of His Motion to Schedule a Markman Hearing" (Docket No. 38). The identical Jeffway Affidavit was attached as Exhibit 1 to that reply brief.

3. The Jeffway Affidavit should be stricken from both reply briefs. First, the affidavit simply presents no probative, relevant, or competent evidence on any of the issues raised by either motion to which it purports to apply. The Jeffway Affidavit purports to address one issue only: whether the Hitachi Super H microprocessor used in Zoll's AED Plus product is a "general purpose computer." The affidavit, however, is entirely conclusory; it never addresses the parties' agreed-upon claim construction of "general purpose computer" in U.S. Patent No. 5,913,685 (the " '685 patent"), and indeed, does not indicate or reflect that Mr. Jeffway has ever *read* the '685 patent.

4. Such an affidavit is completely irrelevant. The issue is whether Zoll's AED Plus uses a "general purpose computer" *as that term is used in the '685 patent*. The parties agreed that the term "general purpose computer" should be construed as

> a computer capable of running multiple unrelated programs, which are selected by the user and loaded into the device. It must feature at least: (1) a central processing unit, (2) one or more input devices that are not specific to any one program, (3) memory, (4) mass storage devices (such as a disk drive) for storing large amounts of data, and (5) one or more output devices.

*See* Zoll's Proposed Claim Construction at 1 (Docket Nos. 10-11).[2] An affidavit which never addresses this construction, or even the patent itself, is of no use and should be stricken.

---

[2] In an affidavit filed with this Court on March 25, 2005, plaintiff expressly stated, "I can agree with the definitions held by Zoll in Zoll's claim construction and appendix filed with the court on March 2, 2005." Plaintiff most recently has asserted that the parties have not agreed to the claim construction of the '685 patent, but his latest filings with this Court still make clear that he does in fact agree with those definitions. *See* Plaintiff's Summary Judgment Sur-Reply at 3 (basing his argument on Zoll's March 2, 2005 definitions); *see also* Affidavit of Donald C. Hutchins, dated October 7, 2005, ¶ 9 (attached as Exhibit A to Plaintiff's Summary Judgment Sur-Reply) (acknowledging that "I can live with arguing their definitions"). Plaintiff may be confusing "claim construction" with the actual merits of the case. Even at this point, plaintiff has not suggested a contrary definition of "general purpose computer."

5. The parties' agreed-upon construction is based on the language of the '685 patent, as well as some significant prosecution history. *See id.* Zoll based the relevant portions of its Motion for Summary Judgment on that agreed-upon claim construction, and Zoll's explanation in its motion as to why its AED Plus product does not have a "general purpose computer" was made strictly with reference to the agreed-upon construction of that term. The Jeffway Affidavit never references or even alludes to the parties' agreed-upon claim construction. Nor does the affidavit purport to suggest, or to apply, any other definition or construction of the term "general purpose computer." There is no indication that Mr. Jeffway has even read – or for that matter seen – the '685 patent. The affidavit amounts to nothing more than Mr. Jeffway's conclusory, personal view untethered to any of the relevant questions of law or fact.

6. Furthermore, the Jeffway Affidavit is not relevant, responsive, or useful to the issues raised in plaintiff's Motion to Schedule a Markman Hearing. As Zoll noted in its Opposition to that motion, there is no need for a *Markman* hearing in this case because the parties already agree on the claim construction (*i.e.*, the definitions of the claims) of the '685 patent. Further, even if there were a dispute as to claim construction, the Jeffway Affidavit says ***nothing*** with respect to the construction of the claims of the '685 patent.

7. Finally, the Jeffway Affidavit should be stricken as untimely. The affidavit was submitted for the first time in connection with what is essentially a sur-reply on summary judgment, and a reply brief on a procedural issue. In seeking leave to file his two reply briefs, plaintiff stated that the purpose of each brief was to address Zoll's statement that the parties had agreed to the claim construction of the '685 patent. But nowhere does the Jeffway Affidavit discuss that issue. Nor does it respond to any issues raised for the first time by Zoll in its Opposition to Plaintiff's Motion to Schedule a Markman Hearing or its Reply in Support of its

Motion for Summary Judgment. If plaintiff believed Mr. Jeffway's testimony somehow supported his arguments against Zoll's Motion for Summary Judgment, plaintiff certainly could have submitted the Jeffway Affidavit earlier. His submission of the affidavit at this late stage is untimely and potentially prejudicial to Zoll.

WHEREFORE, for the foregoing reasons, Zoll respectfully requests that this Court strike the Affidavit of Robert W. Jeffway as an exhibit to plaintiff's Memorandum of Law Controverting Defendant Zoll Medical Corporation's Reply in Support of Its Motion for Summary Judgment and as an exhibit to plaintiff's Reply in Support of His Motion to Schedule a Markman Hearing.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned hereby certifies that on October 25, 2005, counsel for Zoll Medical Corporation attempted to contact plaintiff in an effort to resolve the issues raised by this Motion, but was not able to reach the plaintiff.

Respectfully submitted,

/s/ Jordan M. Singer
John C. Englander (BBO # 542532)
Jordan M. Singer (BBO #651068)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000
Fax: (617) 523-1231

Attorneys for Defendant
Zoll Medical Corporation

Dated: October 25, 2005

LIBA/1640645.1

4