UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 OCT 28 P 3: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| DONALD C. HUTCHINS | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| ZOLL MEDICAL CORPORATION | ) |
| | ) |
| Defendant | ) |

Civil Action: **04-30121-MAP**

## PLAINTIFF DONALD C HUTCHINS' OPPOSITION TO  DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF ROBERT W. JEFFWAY

Plaintiff Donald C. Hutchins ("Hutchins") submits this memorandum in opposition to defendant Zoll Medical Corporation's ("Zoll") motion to strike the Affidavit of Robert W. Jeffway ("Jeffway"). Zoll's motion for summary judgment relies on the statement of a Zoll employee named Gary Freeman ("Freeman") regarding the technology of the infringing "*AED Plus*" device. In his statement Freeman contends that a general-purpose computer does not drive the *AED Plus*. Because Mr. Freemen has filed a patent application for Zoll that plagiarized Hutchins' intellectual properties being contested in this action, he must be considered a biased and unreliable witness.

Jeffway's Affidavit confirms that the *Hitachi Super H* microprocessor that drives the AED Plus is a general-purpose computer. In further support of this opposition to Zoll's motion to strike the Affidavit of Robert Jeffway, Hutchins states that:

1.  On September 2, 2004 pursuant to Rule 26, (1), (A) Hutchins listed the name and address of Robert Jeffway as an individual likely to have discoverable information relevant to Civil Action Number 04-30121-MAP. Zoll has not taken the opportunity to depose Mr. Jeffway to determine what discoverable information he may possess.

2.  Mr. Jeffway supports his Affidavit with indisputable documentation in the form of technical data sheets from the manufacturer of the *Hitachi Super*

*H* microprocessor that Zoll has disclosed as the driver of the AED Plus infringing device. This microprocessor is designed to include every element defined by Zoll for the term "general-purpose computer" in its claim construction definitions. The *Hitachi Super H* features: (1) a central processing unit, (2) one or more input devices that are not specific to any one program, (3) memory, (4) mass storage for storing large amounts of data, and (5) one or more output devices.

3.      Zoll confuses the term "general-purpose computer" with the term "personal computer." The "personal computer" generally found in an office or home includes keyboard and mouse input, a processor, and printer/display output. The "general-purpose computer" taught in Hutchins' Patent No. 5,913,685, such as the *Hitachi Super H* microprocessor, differ from personal computers in appearance but not in function. General-purpose computers have a variety of input sources, memory, mass storage and a wide variety of outputs such as sound, graphics, etc., as illustrated by cell-phones, hand held computers, personal assistants, etc., as well as the *AED Plus*. Mr. Jeffway's Affidavit documents this information for the Court.

4.      Mr. Jeffway is prepared to support his Affidavit in a courtroom setting to allow the Defendant to respond and cross-examine his testimony. More importantly, this Court would have the opportunity to gain sound explanations from Mr. Jeffway to technical questions at issue.

5.      In its motion to strike the Affidavit of Robert W. Jeffway, Zoll repeats its contention that the parties have an "agreed upon" patent claim construction with regard to Hutchins' Patent No. 5,913,685. There is no "agreed upon" construction. This is a misrepresentation that is being perpetuated by Zoll despite numerous denials by Hutchins through his Affidavits and answers to Zoll.

6.      The Defendant Zoll complains in this motion that the *"plaintiff certainly could have submitted the Jeffway Affidavit earlier. His submission of the affidavit at this late stage is untimely and potentially prejudicial to Zoll."*

As stated earlier, Mr. Jeffway's availability as a witness was disclosed September 2, 2004 and Zoll's attorneys have failed to depose him. Mr. Jeffway's deposition would have exposed the discrepancies in the technical description of the *AED Plus* fabricated by Mr. Freeman on which Zoll has relied. It is not Jeffway's Affidavit that is prejudicial to Zoll, it is Zoll's reluctance to investigate Mr. Freeman's actions and denials as they relate to Hutchins' claims of patent and copyright infringement plus breach of contract. A responsive internal investigation at Zoll would produce the kind of truth that is contained in Robert Jeffway's Affidavit.

WHEREFORE, for the forgoing reasons, Hutchins respectfully submits that the Defendant, Zoll Medical Corporation is not entitled toits motion to strike the Affidavit of Robert W. Jeffway. Mr. Jeffway's Affidavit shines light on the paramount issue that has divided the parties from the beginning, the issue of whether or not the *AED Plus* is driven by a general-purpose computer. While a multitude of documents submitted to the Court by Hutchins verifies that the *Hitachi Super H* microprocessor that drives the *AED Plus* is a general-purpose computer, the Court should not deny itself the additional technical input available through the testimony of Mr. Jeffway.

Respectfully submitted

The Plaintiff
Donald C. Hutchins, Pro Se

Dated: October 28, 2005

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606
(413) 739-4060 (facsimile)

### CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by United States mail to Jordan M. Singer, Esq., Goodwin Proctor LLP, Exchange Place, Boston, MA 02109.

Dated: 10/26/05

Donald C. Hutchins

3