UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>    Plaintiff )<br>)<br>vi. )<br>)<br>ZOLL MEDICAL CORPORATION )<br>)<br>    Defendant )<br>) | Civil Action: **04-30121-MAP** |

## DONALD C. HUTCHINS' CLARIFICATION BRIEF

In its Motion to Strike the Affidavit of Robert W. Jeffway, Defendant Zoll Medical Corporation ("Zoll") repeats its contention that the parties have an "agreed upon" patent claim construction with regard to Hutchins' Patent No. 5,913,685. It is the contention of the Plaintiff, Donald C. Hutchins ("Hutchins") that the parties have not "agree upon" claim construction. This is a misrepresentation that is being perpetuated by Zoll despite numerous denials by Hutchins through his Affidavits and Answers to Zoll. It is imperative that the Court understand the distinction in each party's interpretation of the phrase, "agreed upon claim construction."

Phillips v. AWH Corporation, 363 F.3d 1207 (Fed Cir. 2004), vacated, 376 F.3d 1382 (Fed Cir. 2004) en banc, attempts to resolve the issues of what role dictionaries and treatises play in the claim construction process. If courts are questioning the claim construction process, Hutchins does not profess to know how best to write a claim construction. However he does want this Court to know that the parties have differed in their approach to writing the claim construction and that this had led to the need for clarification.

When Hutchins developed his claim construction on his Patent No. 5,913,685 he had a tremendous advantage over the Defendant.. He was the inventor, chief author and filer of the patent application and had helped guide it through the prosecution process.

2

When faced with the choice on whether to write an all encompassing construction as advocated in *How to Prepare & Conduct Markman Hearings 2004* (Copyright 2004 by Practising Law Institute) or a stripped-down dictionary version, Hutchins elected to provide the Court with both an intrinsic and extrinsic analysis. He also included the underlying factual issues needed to construe the claims.

Zoll's defense counsel, Jordan M. Singer, Esq. told Hutchins on October 27, 2005 that Goodwill Proctor LLP generally treats claim construction by using the dictionary approach. The claim construction for Hutchins Patent No. 5,913,685 that Attorney Singer filed with this Court follows the dictionary model.

Attorney Singer also advised Hutchins that Zoll's allegation that the parties had "agreed upon" claim construction referred to an agreement on the dictionary definitions contained in Zoll's claim construction and not upon the more thorough claim construction that Hutchins filed with the court. Hutchins and Attorney Singer mutually accepted the phrase, "the parties agree upon the dictionary definitions for the terms of Patent No. 5,913,685 as presented by Zoll's claim construction."

The Court should understand that Zoll in its pleadings has misrepresented the concept that the parties ever "agreed upon" patent claim construction. Hutchins has never agreed to Zoll's claim construction because it only consists of dictionary terms. Hutchins can agree and litigate to the dictionary terms presented in Zoll's claim construction as filed.

            Respectfully submitted

            The Plaintiff
            Donald C. Hutchins, Pro Se

Dated: 10/28/05

            1047 Longmeadow Street
            Longmeadow, Massachusetts 01106
            (413) 567-0606
            (413) 739-4060 (facsimile)

## CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by mail to Jordan M. Singer, Esq., Goodwin Proctor LLP, Exchange Place, Boston, MA 02109.

Dated: October 28, 2005

_____
Donald C. Hutchins