UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2006 FEB -7 A 10: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action: **04-30121-MAP** |
| v. ) | |
| ) | |
| ZOLL MEDICAL CORPORATION ) | |
| ) | |
| Defendant ) | |

**MEMORANDUM IN SUPPPORT OF PLAINTIFF, DONALD C. HUTCHINS'
MOTION TO SCHEDULE JURY TRIAL**

The Plaintiff, Donald C. Hutchins ("Hutchins") files this Memorandum in support of his Motion to schedule a jury trial at the earliest possible date.

I. **SUMMARY OF POSITION**

Hutchins' Complaint was filed in June of 2004 after he had notified Richard Packer of the infringement in May of 2003. Since this notice, the sales of the offending *AED Plus* and Zoll's offending *Rescue Net* network software have become the dominant products that produce a majority of Zoll's profits. At the same time, Civil Action: 04-30121-MAP has paralyzed Hutchins' ability to license or sell his intellectual properties.

Zoll has failed to present any evidence showing that plaintiff is not entitled to judgment as a matter of law on the asserted patent infringement claims. Zoll did not find impediments in the Patent History or prosecution to discredit the allegations contained in Hutchins' Complaint. With these issues bridged, there remain the questions of copyright infringement and breach of contract which beg to be addressed.

A determination of infringement involves a two-step process. "First, the claim must be properly construed to determine its scope and meaning. Second, the claim must

be compared to the accused device or process" <u>Carroll Touch, Inc. v. Electo Mech Sys., Inc.</u> 15 F3d 1573, 1576, 27 USPQ2d 1836, 1839 (Fed. Cir. 1993). While this Court is reviewing the patent claims to determine their scope and meaning, there continues to be a need for a trial at which the claims can be compared to the accused *AED Plus* device and the *Rescue Net* software process.

While, we may assume that if Hutchins prevails, the mammoth increase in Zoll's sales attributed to the infringing products will increase the damages awarded to Hutchins, the duration of this action continues to devalue Hutchins' intellectual properties. At the same time the research department of the *New York Times* indicates that Zoll has failed to disclose the existence of Civil Action: 04-30121-MAP in Zoll's SEC filings and in the Annual Report as required by the SEC and standard accounting practice.

## II.  CONCLUSION

This litigation is entering its 20th month. Donald C. Hutchins respectfully requests the Court to establish a date for a jury trial to address the breach of contract and copyright infringement issues and to compare the accused device to the patent claims. The parties may be more inclined to discuss settlement and relieve this Court of the burden of resolving the disputed facts when a trial date is set.

The Plaintiff
Donald C. Hutchins, Pro Se

_____
1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

Dated: February 6, 2006

### CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by mail to Jordan M. Singer, Esq., Goodwin Proctor LLP, Exchange Place, Boston, MA 02109.

Dated: 2/6/06                              _____
                                                  Donald C. Hutchins

3