UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DONALD C. HUTCHINS,

    Plaintiff,

        v.

ZOLL MEDICAL CORPORATION,

    Defendant.

CASE NO. 04-30121-MAP

**DEFENDANT ZOLL MEDICAL CORPORATION'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendant Zoll Medical Corporation ("Zoll") opposes plaintiff Donald Hutchins's motion for leave to file an amended complaint. Plaintiff's motion suffers from a host of procedural errors and violates several provisions of Federal Rule of Civil Procedure 7 and Local Rule 7.1. Furthermore, allowing plaintiff to amend his complaint at this late stage of the litigation – after summary judgment motions have been argued – would be prejudicial to Zoll. Finally, amending the complaint to include plaintiff's new allegations would be futile, because the new allegations are not supported by the record evidence. For all these reasons, plaintiff's motion should be denied.

**I.    PLAINTIFF'S MOTION HAS BEEN FILED IN VIOLATION OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE LOCAL RULES.**

As an initial matter, plaintiff's motion should be denied because it violates the applicable rules of civil procedure. Plaintiff never conferenced the issue with Zoll's counsel, as required by Local Rule 7.1(A)(2). In addition, plaintiff failed to submit a "memorandum of reasons, including citation of supporting authorities, why the motion should be granted," as required by

Local Rule 7.1(B)(1). Nor has plaintiff stated with particularity the grounds for his motion, as required by Federal Rule of Civil Procedure 7(b)(1).

Zoll understands that the *pro se* plaintiff is unlikely to be as familiar with the rules of procedure as a trained attorney, but that does not exempt plaintiff from the obligations the Local Rules place on every litigant. *See, e.g.*, *Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994) (reiterating that "the right of self-representation is not a license not to comply with relevant rules of procedural and substantive law"); *Overton v. Torruella*, 183 F. Supp.2d 295, 303 (D. Mass. 2001) ("pro se plaintiffs must comply with the applicable procedural and substantive rules of law"). Plaintiff is plainly aware of Local Rule 7.1, since it is referenced in his motion. His failure to comply with multiple, significant provisions of the applicable civil rules is reason alone to deny his motion.

## II. PLAINTIFF'S PROPOSED AMENDMENT IS UNTIMELY, PREJUDICIAL AND FUTILE.

In addition to suffering from several procedural irregularities, plaintiff's motion is untimely. Hutchins waited until March 6, 2006 to seek leave to file his amended complaint, well after summary judgment was fully briefed and argued, and almost a year after the device he now accuses of infringement was put on the market. Zoll's AED Pro defibrillator was first sold in April 2005. In June 2005, plaintiff moved for summary judgment on all counts of the Complaint without any mention of the AED Pro. In August 2005, plaintiff opposed Zoll's motion for summary judgment, again without mentioning the AED Pro. Over the following six months, plaintiff filed seven different motions with this Court, never once raising the issue of the AED Pro. Even in February, at the summary judgment hearing, plaintiff was silent with respect to the AED Pro. Plaintiff's unexplained and unacceptable delay is prejudicial to Zoll and should not be permitted.

Furthermore, even though the Court need not reach this point to deny plaintiff's motion, the proposed amendment would be futile because there is no record evidence supporting plaintiff's new allegations. It is well established that if "leave to amend is not sought until after discovery has closed and a summary judgment motion has been docketed, the proposed amendment must not only be theoretically viable but also solidly grounded in the record." *Hatch v. Department for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001). "In that type of situation, an amendment is properly classified as futile unless the allegations of the proposed amended complaint are supported by substantial evidence." *Id.*; *see also Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994) (setting forth a "substantial and convincing evidence" standard). Here, the parties fully briefed and argued their motions for summary judgment well before plaintiff sought leave to amend his complaint.

There is no "solid ground" in the record for plaintiff's proposed amendments. The proposed amended complaint adds allegations based on the allegedly infringing sales of the AED Pro. But absolutely no evidence was submitted to the Court with respect to the AED Pro through the summary judgment argument on February 22. Indeed, plaintiff did not even mention the AED Pro, much less provide any evidence that it infringed his patent and/or copyrights.

The only evidence plaintiff offers in support of his new allegations consists of a few nonconsecutive pages from an unauthenticated document which plaintiff claims is an AED Pro instruction manual. Nothing in these selected pages, however, supports plaintiff's claim of infringement. Among other things, the proffered pages contain no evidence that the AED Pro uses a "general purpose computer" or an "interactive display input" – two elements of every claim of plaintiff's asserted '685 patent – as the parties have defined those terms. There is no substantial evidence on the record, or even in plaintiff's newly submitted material, to support

3

plaintiff's claims against the AED Pro. Accordingly, plaintiff's motion for leave to file the proposed amended complaint should be denied. *See Hatch*, 274 F.3d at 19.

## III. CONCLUSION

Plaintiff's proposed amended complaint merely seeks to fold the AED Pro into the "family of AED Plus defibrillators." Proposed Amended Complaint, ¶ 5. But plaintiff's new allegations with respect to the AED Pro are not supported by substantial evidence already on the record, as they must to prevail at this late stage. The new allegations are also untimely. Plaintiff could have sought leave to amend his complaint anytime in the past eleven months, but did not seek to do so until after summary judgment motions had been fully briefed and argued. In light of the futility of plaintiff's proposed amendments and the late hour at which he seeks to make them, plaintiff's motion for leave to amend should be denied.

Respectfully submitted,

/s/ Jordan M. Singer
John C. Englander (BBO # 542532)
Jordan M. Singer (BBO #651068)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000
Fax: (617) 523-1231

Attorneys for Defendant
Dated: March 20, 2006                       Zoll Medical Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via facsimile and first class mail to those indicated as non registered participants on March 20, 2006.

/s/ Jordan M. Singer

LIBA/1681588.2