```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS


DONALD C. HUTCHINS,            )
        Plaintiff              )
                               )
        v.                     )  C.A. No. 04-30121-MAP
                               )
ZOLL MEDICAL CORPORATION,      )
        Defendant              )
```

                    ORDER REGARDING PARTIES'
                  MOTIONS FOR SUMMARY JUDGMENT
                  AND OTHER MISCELLANEOUS RELIEF
              (Dkt. Nos. 14, 20, 32, 39, 48, 54, 55, & 57)

                         March 29, 2006

PONSOR, D.J.

   Pro se Plaintiff Donald C. Hutchins contends that Defendant, Zoll Medical Corporation ("Zoll"), has: (1) infringed his patent on an electronic device for cardiopulmonary resuscitation ("CPR") training; (2) infringed his copyright on a list of digitized words used in CPR prompting; (3) infringed his copyright on software designed to illustrate the timing and quantity of compressions for those administering CPR; and (4) breached a contract between the parties.  Defendant denies Plaintiff's infringement allegations and claims it complied with the terms of the parties' only agreement, which simply allowed Defendant's patent counsel, a partner at the same firm as Plaintiff's patent counsel, to review Plaintiff's patents on Defendant's behalf.

On February 22, 2006, the court heard argument on the following motions: Plaintiff's Motion for Summary Judgment; Defendant's Motion for Summary Judgment; Plaintiff's Motion to Schedule a <u>Markman</u> Hearing; Defendant's Motion to Strike the Affidavit of Robert W. Jeffway; and Plaintiff's Motion to Schedule a Jury Trial. Since the February 22, 2006 hearing, Plaintiff has moved to amend his complaint and to compel discovery, and Defendant has filed a motion to strike Plaintiff's post-hearing brief, or in the alternative, offered a response to same.

The court hereby: (1) DENIES Plaintiff's Motion for Summary Judgment (Dkt. No. 14); (2) ALLOWS Defendant's Motion for Summary Judgment (Dkt. No. 20); (3) DENIES Plaintiff's Motion to Schedule a <u>Markman</u> Hearing (Dkt. No. 32); (4) DENIES, as moot, Defendant's Motion to Strike the Jeffway Affidavit (Dkt. No. 39); (5) DENIES Plaintiff's Motion to Schedule a Jury Trial (Dkt. No. 48); (6) DENIES Plaintiff's Motion to Amend his Complaint (Dkt. No. 54); (7) DENIES Plaintiff's Motion to Compel Discovery (Dkt. No. 57); and (8) DENIES, as moot, Defendant's Motion to Strike Plaintiff's Post-Hearing Brief (Dkt. No. 55).

A memorandum will issue shortly setting forth in detail the court's reasons for these rulings, and no judgment will enter pending issuance of this memorandum. In summary,

however, the court finds that the undisputed material facts reveal that: (1) Defendant has not infringed any claim of Plaintiff's patent because its accused device does not feature an "interactive display unit" or "general purpose computer" as those terms have been defined by the litigants; (2) Defendant has not violated Plaintiff's copyright on a list of digitized words since there is no probative similarity between the phrases found in Plaintiff's "Script & Word List" and those utilized by Defendant's device; (3) Defendant has not violated Plaintiff's software copyright since Plaintiff has no intellectual property rights in the universally-accepted sequence of CPR; and (4) Defendant did not have a contract with Plaintiff capable of being breached.

This order will apprise the parties of the court's conclusions and of its intention, once the memorandum detailing its reasoning issues, to direct entry of judgment for Defendant on all counts in this case.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge