UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action: 04-30121-MAP |
| v. ) | |
| ) | |
| ZOLL MEDICAL CORPORATION ) | |
| ) | |
| Defendant ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM SUMMARY JUDGMENT PURSUANT TO RULE 60(b)**

I.  **LEGAL STANDARD FOR SUMMARY JUDGMENT**

The defendant Zoll Medical Corporation ("Zoll") must establish, on a motion for summary judgment, that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. id. at 324. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 30 (1st Cir. 1990) (citing Fed R. Civ. P.56( c )).

## II. GENUINE ISSUES OF MATERIAL FACT WERE NEVER TRIED

Hutchins presented pleadings, depositions, answers to interrogatories, admissions, together with affidavits, that show that there are genuine issues of material fact to preclude this summary judgment as a matter of law. Among the multitude of genuine issues of fact that remain in dispute between the parties and unresolved by this Court are:

A.  Whether the *AEDPlus* employs a general-purpose computer?

B.  Whether the Hitachi SuperH Reduced Instruction Set Computer that drives the *AEDPlus* features (1) a central processing unit, (2) one or more input devices that are not specific to any one program, (3) memory, (4) mass storage devices for storing large amounts of data, and (5) one or more output devices?

C.  Whether the *AEDPlus* allows a user to respond to options present by the Hitachi SuperH RISC processor by selecting menu items, graphics and CPR prompting displayed on a display screen?

D.  Whether the term computer used in the Battaglia Patent that was cited by Zoll from the '685 Prosecution History narrows the scope of Hutchins' '685 Patent or as Hutchins contends, "the term general-purpose computer was inserted during the Prosecution to differentiate the '685 Patent from Hutchins' Re 34,800 Patent that preceded the '685 Patent?

## III. CONCLUSION

As the only federal judge in Western Massachusetts this Court is responsible for protecting Hutchins' rights for patent infringement. As Plaintiff, Hutchins has religiously adhered to the scheduling order entered December 12, 2004 by filing an extensive claim construction that definitively listed the fourteen claims being infringed by Zoll. Hutchins also produced extensive discovery, filed numerous sworn affidavits, answers and briefs. Zoll's reply was a standard denial and an innocuous dictionary based Claim Construction plus the false accusation that Hutchins had agreed to Zoll's Claim Construction. Zoll made every possible legal move to keep questions of fact out of the hands of a jury.

Hutchins asked for a Markman Hearing and his request was denied. In Cybor Corp. v. FAS techs., 138 F.3d 1448 (Fed Cir. 1998) (en banc) the Federal Circuit held that claim construction is a matter of law and that no factual determinations should be made during the claim construction process. The Federal Circuit recognized that factual determinations in patent actions are judiciously resolved only after the claims interpretations are determined. In not allowing a Markman Hearing and mixing claims interpretation with the genuine issues of disputed fact, this Court has undermined the logic of the Federal Circuit.

As the inventor, Hutchins prays that this Court will weigh his years of sweat and financial equity invested in Patent '685 against the minimal time accorded by this Court to sift through and recognize the genuine issues of fact in dispute. Hutchins prays this Court will weigh his limited resources available to protect his intellectual properties to Zoll's over $100,000,000 in sales of the *AEDPlus*.

An appeal is being prepared. This action will go on waiting for the appeals process to study the claim constructions from both parties and then to apply the objective test of what one of ordinary skill in the art at the time of the invention would have understood the terms to mean. Doesn't it make economic sense to grant Hutchins Relief pursuant to Rule 60(b) and examine these disputed facts before the appeal process begins?

                                      Respectfully submitted

                                      The Plaintiff
                                      Donald C. Hutchins, Pro Se

Dated May 19, 2006

                                      1047 Longmeadow Street
                                      Longmeadow, Massachusetts 01106
                                      (413) 567-0606

## CERTIFICATE OF SERVICE

      I, Richard J. Moriarty, 43 Greenacre Avenue, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first class mail to Jordan M. Singer, Esq., Goodwin Proctor LLP, Exchange Place, Boston, MA 02109.

Dated: May 19, 2006

                                        Richard J. Moriarty