UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action: **04-30121-MAP** |
| v. ) | |
| ) | |
| ZOLL MEDICAL CORPORATION ) | |
| ) | |
| Defendant ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT RELATED TO DEFENDANT'S SUPPRESSION OF DISCOVERY PURSUANT TO RULE 60(b), FRAUD**

**I.    ZOLL SUPPRESSED DOCUMENTATION ON THE *AEDPRO®* DEVICE**

On February 23, 2005 Hutchins sent a Request for Production of Documents to Zoll under Fed. R. Civ. P.34 herein attached as Exhibit A. This Request included reference to Fed. R. Civ. P.26(e)(2) that required Zoll to supplement their discovery with such ongoing documentation related to the infringing *AEDPlus®* technology.

Zoll introduced the *AEDPRO®* as the professional extension of the family of *AEDPlus®* defibrillators after Hutchins had filed his original infringement Complaint two years ago. The *AEDPRO®* has a large LCD display and two "softkeys" that move the LCD cursor. Anyone that has operated an iPod, cell phone or hand held computer would recognize the technology. This cursor keying means fits Attorney Englander's definition of the term "interactive display input" perfectly. Lest the Court believe that the *AEDPRO®* lacks the other infringing features of its brother, the *AEDPlus®*, please examine the *AEDPRO®* instruction manual.

This instruction manual speaks of CPR monitoring, display screen, IrDA port for communications, various operating modes controlled by the softkeys, heart rate and heart rate symbol, text prompts, chest compression rate, 15 beeps a minute for CPR compressions, feedback to encourage rescuers to increase rate of compressions, the words good compressions written on the display and also Hutchins' copyrighted digitized phrases such as: "open airway", "check breathing", "give two breaths", "check pulse", "if no pulse start CPR", "if no pulse continue CPR", "stay calm", "call for help", etc. It should be noted that Hutchins' Copyright presents these words in a digitized form as opposed to their conventional condition as written words. A direct comparison can be made to the lyrics of a song in which the musical phrase "love me tender" as song by Elvis Presley retains copyright rights whereas the written words do not. Hutchins was the first to digitally record, digitize, store and copyright these rescue phrases as required by electronic speech. Hutchins' CPR prompting products have carried these electronic phrases for 20 years as the standard in the industry. These are the electronic phrases copied by Zoll and used without permission in the AEDPlus® and AEDPRO®.

In addition we find that the *AEDPRO®* retrieves, stores and communicates CPR rescue data. Five hours of history can be stored in the mass storage area of the general-purpose computer the drives *AEDPRO®*. This data can then be transferred through a computer network to a server using Zoll's infringing *RescueNet®* system.

## II.  CONCLUSION

The *AEDPRO®* introduced to market prior after the Complaint was filed in June of 2004 and prior to the Hearing of February 22, 2006. Zoll did not disclose to Hutchins the existence of this extension of the offending *AEDPlus®* family in violation of federal

3

Rules of Discovery. The Court's Summary Judgment Memorandum of May 11, 2006 (Page 26) indicates that the lack of discovery related to the *AEDPRO®* was prejudicial against Hutchins in the Court's Summary Judgment.

Zoll's defense against the original *AEDPlus®* Complaint has masked the infringing technology with dictionary terminology designed to confuse this Court. Hutchins has been denied the opportunity to argue the material facts that would allow this Court to better understand the disputed patent and copyright facts regarding the *AEDPlus®*. If the Court examined the more blatant and obvious infringement violations of the *AEDPRO®*, the outcome of the Summary Judgment would have been different.

An appeal is being prepared. This action will continue allowing the Court of Appeals to study the Amended Complaint that attempted to bring the *AEDPRO®* into this action. It makes economic sense for both the parties and this Court to grant Hutchins Relief pursuant to Rule 60(b) and examine the technology of the *AEDPRO®* before the appeal process is initiated.

                                  Respectfully submitted

                                  The Plaintiff
                                  Donald C. Hutchins, Pro Se

Dated May 19, 2006

                                  1047 Longmeadow Street
                                  Longmeadow, Massachusetts 01106
                                  (413) 567-0606

CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first class mail to Jordan M. Singer, Esq., Goodwin Proctor LLP, Exchange Place, Boston, MA 02109.

Dated: May 19, 2006

                                  Donald C. Hutchins