CLERK'S OFFICE COPY

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

FILED
IN CLERKS OFFICE
2007 JUL -9 P 12: 17
U.S. DISTRICT COURT
DISTRICT OF MASS.

USDC # 04CV30121-MAP

NOTICE OF ENTRY OF
JUDGMENT ACCOMPANIED BY OPINION

OPINION FILED AND JUDGMENT ENTERED: 07/03/07

The attached opinion announcing the judgment of the court in your case was filed and judgment was entered on the date indicated above. The mandate will be issued in due course.

Information is also provided about petitions for rehearing and petitions for rehearing en banc. The questions and answers are those frequently asked and answered by the Clerk's Office.

Costs are taxed against the Appellant(s) under Rule 39. The party entitled to costs is provided a bill of costs form and an instruction sheet with this notice.

The parties are encouraged to stipulate to the costs. A bill of costs will be presumed correct in the absence of a timely filed objection.

Costs are payable to the party awarded costs. If costs are awarded to the government, they should be paid to the Treasurer of the United States. Where costs are awarded against the government, payment should be made to the person(s) designated under the governing statutes, the court's orders, and the parties' written settlement agreements. In cases between private parties, payment should be made to counsel for the party awarded costs or, if the party is not represented by counsel, to the party pro se. Payment of costs should not be sent to the court. Costs should be paid promptly.

If the court also imposed monetary sanctions, they are payable to the opposing party unless the court's opinion provides otherwise. Sanctions should be paid in the same way as costs.

Regarding exhibits and visual aids: Your attention is directed to FRAP 34(g) which states that the clerk may destroy or dispose of the exhibits if counsel does not reclaim them within a reasonable time after the clerk gives notice to remove them. (The clerk deems a reasonable time to be 15 days from the date the final mandate is issued.

JAN HORBALY
Clerk

cc:  Donald C. Hutchins
     John C. Englander

HUTCHINS V ZOLL MEDICAL, 2006-1539
DCT - 04-CV-30121

# United States Court of Appeals for the Federal Circuit

2006-1539

DONALD C. HUTCHINS,

                              Plaintiff-Appellant,

v.

ZOLL MEDICAL CORPORATION,

                              Defendant-Appellee.

    Donald C. Hutchins, of Longmeadow, Massachusetts, pro se.

    John C. Englander, Goodwin Procter LLP, of Boston, Massachusetts, for defendant-appellee. With him on the brief was John T. Bennett.

Appealed From: United States District Court for the District of Massachusetts

Judge Michael A. Ponsor

# United States Court of Appeals for the Federal Circuit

2006-1539

DONALD C. HUTCHINS,

                Plaintiff-Appellant,

v.

ZOLL MEDICAL CORPORATION,

                Defendant-Appellee.

DECIDED: July 3, 2007

Before MICHEL, Chief Judge, NEWMAN and DYK, Circuit Judges.

NEWMAN, Circuit Judge.

    This appeal arises from charges of patent and copyright infringement based on a computer-assisted system of administering emergency procedures, primarily cardiopulmonary resuscitation (CPR). Mr. Donald C. Hutchins charged Zoll Medical Corporation with infringement of Hutchins' United States Patent No. 5,913,685 (the '685 patent) entitled "CPR Computer Aiding." Mr. Hutchins also charged Zoll with copyright infringement and with breach of a contract between Hutchins and Zoll. The United States

system instructs rescue personnel to input certain characteristics of the victim, such as the victim's age and state of consciousness; the system then provides detailed step-by-step procedures to be followed by the rescuer in order to administer CPR and resuscitate the victim. Features of the system described in the '685 patent include automated voice and visual signals and instructions, animated images, and audible speech prompts. Claim 1 is the broadest claim:

> 1. A general purpose computer system adapted for cardiopulmonary resuscitation (CPR) aiding to provide guidance to rescue personnel trained in CPR for resuscitating a victim under an emergency condition, comprising:
> a computer terminal, including,
> an output comprising a display and an electroacoustical transducer; and
> an input comprising an interactive display input, wherein the interactive display unit is adapted for selecting from image or text viewed on the display that is representative at least of characteristics of said victim.

Zoll's accused device, trademarked "AEDPlus®," is a portable computer system and defibrillator that provides automated voice and visual signals and instructions to guide rescue personnel through the steps to administer CPR to the victim and to defibrillate if necessary.

The elements of the '685 patent claims on which the district court relied are "general purpose computer" and "interactive display input." The district court found that neither of these elements is present in the Zoll system, and on this basis granted summary judgment of non-infringement.

A

All of the '685 claims require a "general purpose computer system" that is adapted to the specified purposes. The definition of "general purpose computer" was agreed by the parties as

This produced an estoppel against reading the term "general purpose computer" to include a dedicated microprocessor such as a RISC, for the claims had been amended in response to the PTO rejection, thereby estopping recovery of the same subject matter that the claims had been amended to exclude. See Alloc v. Int'l Trade Comm'n, 342 F.3d 1361, 1371-72 (Fed. Cir. 2003) (statements made during prosecution surrendering subject matter binding on later interpretation of the claims); see also Festo, 535 U.S. at 725 (estoppel arises upon amendment to "surrender the particular equivalent in question"); Bayer AG v. Elan Pharm. Research Corp., 212 F.3d 1241, 1252 (Fed. Cir. 2000) (an aspect expressly disavowed during prosecution of the patent cannot be reached under the doctrine of equivalents). The district court's ruling on this aspect is affirmed.

B

Mr. Hutchins also argues that the term "general purpose computer" is not "present in each claim" of the '685 patent. That is incorrect, for the term is recited in each independent claim and accordingly is incorporated into every dependent claim. See 35 U.S.C. §112, ¶4 ("A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers.") Independent claim 1 recites a "general purpose computer system," with dependent claims 2-12. Independent claim 13 recites a "general purpose computer network system," with dependent claims 14-20. Independent claim 21 recites "an article of manufacture adapted for use in a general purpose computer," with dependent claims 22-30. Independent claim 31 recites a "computer program" that is readable by a "general purpose computer," with dependent claims 32-38. Independent claim 39 recites a method for use in CPR with a "general purpose computer," with dependent claims 40-43. No claim is free of this limitation.

characteristics obtained through "interactive display input," a reasonable jury could not find that this claim term is met by use of the Zoll device.

Mr. Hutchins states that the district court, on this summary disposition, did not examine the Zoll system and did not compare the patent claims to the Zoll system. However, the record shows that the systems were explained by both parties at the claim construction hearing and in connection with the motions for summary judgment. The district court was provided with the Zoll manual and user guide, which describe the action of the Zoll system. We agree with the district court that a reasonable jury could not find that the Zoll system employs an interactive display input as described in the '685 patent, for the Zoll rescuer provides no input, but simply follows the instructions issued by the system on monitoring the victim.

The summary judgment of non-infringement of the '685 patent is affirmed.

*Copyright Infringement*

Mr. Hutchins charged Zoll with infringement of two registered copyrights related to his system. For copyright causes we look to the interpretive law of the regional circuit, here the First Circuit. See Atari, Inc. v. JS & A Group, Inc., 747 F.2d 1422, 1438-40 (Fed. Cir. 1984) (*en banc*) (for issues not exclusively assigned to the Federal Circuit, to avoid inconsistency and forum shopping we apply the law of the regional circuit in which the case was tried).

### A

The Copyright Act provides protection against unauthorized copying of computer programs, defined in 17 U.S.C. §101 as "a set of statements or instructions to be used

not cover the standard instructions for performing CPR or their independent placement in electronic form.

Mr. Hutchins states that his program for performing CPR and the Zoll program for performing CPR "perform the same task in the same way, that is, by measuring heart activity and signaling the quantity and timing of CPR compressions to be performed by the rescuer." He argues that his copyright covers the system of logic whereby CPR instructions are provided by computerized display, and that the unique logic contained in software programs is protectable subject matter under 17 U.S.C. §101 ("A 'computer program' is a set of statements or instructions to be used directly or indirectly in a computer in order to bring about a certain result.")

The district court correctly distinguished the specific computer program and its expression, which are the province of copyright law, from the technologic method of treating victims by using CPR and instructing how to use CPR. The court correctly held that Mr. Hutchins' copyright is limited to preventing the copying of the specific computer program that he developed, and does not include coverage of all programs that guide the performance of CPR derived from information in the public domain. See Lotus v. Borland, 49 F.3d at 818 (methods of operation are not copyrightable, although a specific program that implements the method can be protected against copying).

It was not established that Mr. Hutchins' specific computer program, or any original aspects of his display in audio or video, was copied. We affirm the ruling that this copyright is not infringed.

phrases are entirely functional, that they are not original with Hutchins but are standard CPR instructions, and that they are not subject to copyright.

Copyright does not protect individual words and "fragmentary" phrases when removed from their form of presentation and compilation. Although the compilation of public information may be subject to copyright in the form in which it is presented, the copyright does not bar use by others of the information in the compilation. See Feist, 499 U.S. at 348-49 (no matter how much original authorship is embodied, the facts and ideas are not barred from use by others). The district court found that the words and phrases on Mr. Hutchins' "Script and Word List" are standard CPR instructions devoid of "creative expression that somehow transcend the functional core of the directions," the court quoting National Nonwovens, Inc. v. Consumer Products Enterprises, Inc., 397 F. Supp.2d 245, 256 (D. Mass. 2005).

Mr. Hutchins states that the district court erred in its understanding of "multimedia packages" as embodied in 17 U.S.C. §101, and that the question is not whether the specific instructions for conducting CPR are protectable, but whether the same "digital electronic programming" and "copyrighted digitized phrases" that are used in the Hutchins copyrighted system are also present in the Zoll system. However, the placing of standard words and phrases in digital form does not impart copyright exclusivity against all digitized usages of the words and phrases. We discern no error in the district court's understanding of §101, for the words and phrases on the Hutchins list are standard CPR instructions, and the use by Zoll of the same or similar CPR instructions was not shown to have been copied from any original expression or compilation by Hutchins.

Id. at 21 (bracket in original). The district court denied Mr. Hutchins' motion; denial of a Rule 60(b) motion is reviewed for abuse of discretion.

This issue arises because, after discovery was closed and the summary judgment motions had been filed but before their decision, Mr. Hutchins moved to amend his complaint to include a new version of the Zoll system in the charges of infringement. The district court denied the motion as untimely, stating that discovery would have to be reopened for Zoll to respond adequately, that the delay would result in considerable prejudice to Zoll, and that Mr. Hutchins failed to explain his "undue delay" in filing the motion. Mr. Hutchins also moved to compel discovery of the new Zoll system, but the court denied this motion on the ground, inter alia, that this new system was not part of the present case. Mr. Hutchins states that Zoll fraudulently failed to disclose that it had a new version of the accused system and also that its system was the subject of other litigation involving a party with whom Hutchins has a cross-license.

Although Mr. Hutchins now describes his concerns as raising issues of fraud, we conclude that the district court acted within the parameters of "a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." 11 C. Wright & A. Miller, Federal Practice and Procedure §2851, p. 227 (2d ed. 1995). In view of the stage of the litigation, the nature of the subject matter that was assertedly withheld, the district court's familiarity with the events, and the timing of the motion, no abuse of discretion in this action has been shown.[2]

---

2   This court granted Mr. Hutchins' motion to take judicial notice of a separate proceeding before the district court concerning his patent infringement action and the defendants' refusal to accept a summons. Hutchins v. Zoll Medical Corp., No. 06-1539 (Fed. Cir. Nov. 9, 2006) (Order). Notice has been taken; this decision is not affected.

2006-1539                                  13

<u>AFFIRMED</u>